### 20066

The STATE, Appellant, v. Edgar R. SARVIS, Respondent

(217 S. E. (2d) 38)

*Messrs. Daniel R. McLeod, Atty. Gen., Hutson S. Davis, Jr.,* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, *for Appellant,* cite:

*Robert M. McInnis, Esq.,* of North Myrtle Beach, *for Respondent,* cites:

July 17, 1975.

LEWIS, Justice:

The State has appealed from an order of Associate Judge John T. Holt of the Civil and Criminal Court of Horry County reversing the conviction of respondent in Magistrate's Court for driving under the influence of intoxicants on June 25, 1972, in violation of Section 46-343 of the 1962 Code of Laws. The State relied, partly, upon the results of a blood test for conviction. A warrant charging respondent with the offense was not served upon him until September 14, 1972 while he was being held on a separate charge of driving under the influence. He was subsequently tried and convicted on August 14, 1974, about twenty-six (26) months after the offense and twenty-three (23) months after his arrest.

Respondent's conviction was reversed upon the grounds that (1) the results of the blood test were improperly admitted into evidence, (2) respondent was prejudiced by the ninety (90) day delay in his arrest, and (3) the delay of twenty-three months between the arrest and trial denied respondent his constitutional right to a speedy trial. Whether or not respondent's conviction was properly set aside on these grounds constitute the issues in this appeal.

While the arguments indicate some disagreement as to the facts, we are bound by the Return of the magistrate before whom the respondent was tried, and our statement of the facts is from that Return.

The contention that the results of the blood test were improperly admitted into evidence is without merit. Respondent's objection to the admission of this testimony was based upon four (4) grounds: (1) he was not under arrest at the time the blood sample was taken; (2) he was not given prior warning that the results of the blood test could be used against him in a court of law (Respondent's brief now "concedes that he was not entitled to the Miranda warnings"); (3) the State failed to establish a complete chain of evidence, tracing possession of the blood sample from the time it was taken from respondent to its delivery to the chemist by whom it was analyzed; (4) respondent was deprived of the opportunity to cross-examine the doctor who withdrew the blood sample.

Respondent was not placed under arrest immediately after the accident on June 25th but was taken to the hospital where he voluntarily consented for the blood sample to be taken. A doctor took the sample which, upon analysis by a chemist, was found to contain an alcohol reading of .42%. The fact that respondent may not have been under arrest at the time the blood test was made was immaterial. The blood sample was withdrawn by the doctor at the hospital with the permission of respondent. Under these circumstances, the blood test violated none of respondent's

constitutional rights, and the result thereof was properly admitted into evidence. *Schmerber v. California*, 384 U. S. 757, 86 S. Ct. 1826; 16 L. Ed. (2d) 908; *Breithaupt v. Abram*, 352 U. S. 432, 77 S. Ct. 408, 1 L. Ed. (2d) 448.

The doctor who withdrew the blood from respondent was not available as a witness, but the nurse who was present at the time did testify as to the material facts. Contrary to respondent's contention, it was not necessary to produce the doctor as a witness for cross-examination. The testimony of the nurse, who was present, was sufficient to establish the circumstances surrounding the taking of the blood sample. The State was not required to produce, as witnesses, every person present when the blood was withdrawn from respondent, in order to make the results of the test admissible.

The Return of the magistrate states that "the evidence was connected without a break in the chain of evidence from the time the blood was taken from the defendant's (respondent's) arm until the time the case was tried in court." The record therefore, fails to support respondent's contention, based upon the rule in *Benton v. Pellum*, 232 S. C. 26, 100 S. E. (2d) 534, that the State failed to establish continuity in the chain of custody of the blood sample from the time it was taken until analyzed.

Respondent's claim of prejudice from the delay of approximately ninety (90) days in charging him with the offense is not supported by the record. He alleges that the delay between the alleged offense and his arrest made unavailable a witness in his behalf. Apparently the witness was the driver of the other automobile involved in the accident on June 25th. Respondent testified at the trial that he did not know the driver or recognize the vehicle the witness was operating. There was no showing of any efforts made to locate the witness, nor of what he would testify to if present. These circumstances afford no basis for a finding of prejudice from the delay in entering the charge against respondent.

Neither is there any merit in respondent's claim that he was denied his right to a speedy trial. The applicable legal principles have recently been set forth and applied in *State v. Foster,* 260 S. C. 511, 197 S. E. (2d) 280.

The Return of the magistrate shows that he was advised early in the case that respondent was represented by the Senator from Horry County and that, due to his involvement in legislative matters, the Senator was unavailable to try the case for much of the time. The magistrate later learned that the Senator no longer represented respondent and a trial of the case was thereafter promptly scheduled. No demand was ever made by respondent for a trial and, according to the Return, the delay in bringing the case to trial resulted from the indulgence of respondent's then attorney, so that he could attend to legislative matters, and not to neglect on the part of the State. The record clearly shows that respondent knew of the charge against him since September 14, 1972, the date of the service of the warrant. The continuance of the case in order to convenience respondent's counsel and the failure to demand a trial constituted a waiver of respondent's right to a speedy trial. *Wheeler v. State,* 247 S. C. 393, 147 S. E. (2d) 627.

The judgment is reversed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.