20138

Ex parte Edgar R. SARVIS, Petitioner.
In re the STATE, Appellant, v. Edgar R. SARVIS, Respondent.
(221 S. E. (2d) 108)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Richard P. Wilson, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

*Sidney T. Floyd, Esq.,* of Conway, *for Respondent,*

December 30, 1975.

*Per Curiam:*

The State has appealed from an order of the lower court dismissing a charge against respondent for driving a motor vehicle while under the influence of intoxicants, on the ground that respondent was not provided a speedy trial on the charge in Magistrate's Court.

Since it is apparent that respondent's asserted desire for a speedy trial was motivated to some extent by a prior, pending charge of driving under the influence of intoxicants, it is necessary to refer to it in the statement of the facts pertinent to this appeal. It must also be kept in mind that, under Code Sections 46-343, 46-345, and 46-348, a first offense charge for driving under the influence is tried in Magistrate's Court where the punishment cannot exceed thirty (30) days or a fine of $100.00, with suspension of the driver's license for six (6) months; while a second offense charge for such offense is beyond the jurisdiction of the Magistrate's Court and must be disposed of in the Court of General Sessions where the punishment is much greater and suspension of the driver's license for a longer period of time.

Respondent was charged with a first offense of driving a motor vehicle while under the influence of intoxicants on

June 25, 1972; and, before the first charge was disposed of, he was again charged with driving under the influence on April 6, 1974. He was summoned to appear before a magistrate on April 8, 1974, on the second charge, but the case was continued when counsel for respondent alleged that the magistrate before whom respondent had been summoned had no jurisdiction in the matter. The magistrate sustained this plea to his jurisdiction on May 14, 1974, and indicated that the case would be brought in another magisterial district.

Thereafter, on August 14, 1974, respondent was tried and convicted on the first charge of driving under the influence, which was a first offense. This conviction was appealed by respondent to the Civil and Criminal Court of Horry County and reversed. Upon appeal to this Court, the decision of the county court was reversed and respondent's conviction for first offense driving under the influence was reinstated by opinion dated July 17, 1975. S. C., 217 S. E. (2d) 38.

Respondent in the meantime, employed different counsel on March 7, 1975; and thereafter sought to have the second charge of driving under the influence disposed of in Magistrate's Court, presumably as a first offense, while his first offense conviction was on appeal to this Court. When a quick disposition of the second charge was not forthcoming, respondent petitioned the Civil and Criminal Court for Horry County for an order dismissing the case for failure to grant a speedy trial in Magistrate's Court. The Associate Judge of the County Court granted the petition by order of July 29, 1975, although the court and the parties were aware that this Court had upheld respondent's prior conviction for first offense driving under the influence, thereby placing the second charge beyond the magistrate's jurisdiction to try.

The County court's decision was based upon the conclusion that the delay by the State in bringing the second

charge to trial constituted unreasonable delay, depriving respondent of his constitutional right to a speedy trial; and impermissibly prejudiced respondent because, upon the affirmance in the meantime of his conviction for a first offense, he must now stand trial for a second offense which carries a greater punishment and penalties.

The only request by respondent was that his case be tried in Magistrate's Court. He has not sought a speedy trial in any other court. In view of respondent's prior conviction for a first offense, the Magistrate's Court had no jurisdiction to grant respondent's request. In substance, the contention of respondent is that he was entitled to have the second charge against him tried in Magistrate's Court as a first offense while the appeal from the first offense conviction was pending. If this had been done and respondent had been convicted on the second charge, he would have had two convictions for first offense charges of driving under the influence, since his first conviction was affirmed.

It is apparent that the main cause of delay in disposing of the second charge against respondent was the appeal from the conviction for the first offense. The delay, resulting from such appeal, in order to determine the appropriate court in which to try the second charge, was reasonable and necessary and deprived respondent of no constitutional right to a speedy trial. Respondent's right to a speedy trial did not give him the right to insist that he be given a speedy trial in a court without jurisdiction to try the offense.

The controlling considerations when dealing with a defendant's right to a speedy trial have been set forth in *State v. Foster,* 260 S. C. 511, 197 S. E. (2d) 280. One of the important factors is that of prejudice to the defendant from the delay.

The only prejudice claimed, or found by the lower court, was that, by waiting until the appeal from the conviction for the first offense was affirmed by this Court, respondent's second charge was determined absolutely to be a second

offense subjecting him to a charge of "a higher crime for which the punishment would be more severe." This result is required by the law when a defendant is charged with multiple violations of the statute making it unlawful to drive while under the influence of intoxicants. The fact that for a second violation a defendant is charged with a second offense under the statute is the intent of the law and does not constitute legal prejudice.

The judgment is reversed and the case remanded for trial.

The Court deemed disposition of this appeal proper under Rule 23, without oral argument.