22394

SOUTH CAROLINA WILDLIFE AND MARINE RESOURCES DEPARTMENT, Appellant, v. William Preston KUNKLE, Respondent.

(336 S. E. (2d) 468)

Supreme Court

*Atty. Gen. T. Travis Medlock*, Columbia, and *Asst. Atty. Gen. Buford S. Mabry, Jr.*, Lexington, *for appellant.*

*Eugene C. Griffith*, Newberry, *for respondent.*

Heard Oct. 9, 1985.

Decided Oct. 28, 1985.

GREGORY, Justice:

Respondent William Preston Kunkle brought this action challenging the suspension of his hunting and fishing privileges by the South Carolina Wildlife and Marine Resources Department. On appeal from a departmental hearing, the Circuit Court reversed the suspension. The Department now appeals. We reverse, and reinstate the suspension.

Kunkle was charged with taking game fish illegally [S. C. Code Ann. § 50-13-10 (1976)] and fishing illegal traps [S. C. Code Ann. § 50-13-1165 (1976)]. He was tried and convicted in his absence in Magistrate's Court. Thereafter, the Department assessed 18 points against his license, and suspended his license. *See* S. C. Code Ann. § 50-9-1010, *et seq.* (1976). After a departmental hearing officer upheld the suspension, Kunkle appealed to the Circuit Court. *See* S. C. Code Ann. §§ 50-9-1050 and 1060 (Cum. Supp. 1984).

Respondent contends the suspension was properly reversed because the arresting officers committed an act of misrepresentation when they did not advise him of the full consequences of the point system, thereby inducing Kunkle to waive his right to a jury trial.

The Department contends the lower court's order is an invalid collateral attack on a valid criminal conviction.[1] We agree. It is firmly established that a criminal conviction may not be the subject of a collateral attack

---

[1] Other than the issue argued in this appeal, respondent makes no other attack on the conviction. In fact, he readily admits his guilt.

in an administrative proceeding. *DeWitt v. South Carolina Department of Highways and Public Transportation*, 274 S. C. 184, 262 S. E. (2d) 28 (1980); *South Carolina Board of Dental Examiners v. Breeland*, 208 S. C. 469, 38 S. E. (2d) 644 (1946).

Furthermore, Kunkle's claim that he did not know about the point system is without merit. First, the record clearly establishes, by respondent's own admission, that he did have some knowledge about the existence of the point system. Second, it is a well-settled maxim that ignorance of the law is no excuse. 22 C.J.S. *Criminal Law* § 48; *See also* McAninch and Fairey, *The Criminal Law of South Carolina*, p. 343 (1982).

Accordingly, the order of the lower court is reversed, and the suspension is reinstated.[2]

Reversed.

NESS, C. J., and HARWELL, and FINNEY, JJ., concur.

LITTLEJOHN, Acting Associate Justice, concurs.

CHANDLER, J., not participating.

---

[2] Additionally, we note the issue argued in this Court was never properly presented for review.

At the departmental hearing, Kunkle's only challenge to the suspension was that the Department erred in assigning points for two violations, rather than a single violation. This issue was not appealed to the Circuit Court. Instead, respondent argued, and the lower court agreed, that the arresting officers had misled Kunkle. The Circuit Court's order was patently erroneous.

A reviewing court may not rule on issues not raised in the lower court. *Knight v. Lee*, 262 S. C. 17, 202 S. E. (2d) 19 (1974). This same rule applies in an administrative appeal. Since respondent failed to raise the alleged misrepresentation before the hearing officer, it was error for the Circuit Court to rule on the issue.