22442

Graddie HUBBS and Ricky Hubbs, Appellants v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Wayne T. Vestal, Sr., Wayne T. Vestal, Jr. and Jeff Yasmine, Defendants, of whom Government Employees Insurance Company is the Respondent, and Wayne T. Vestal, Sr., and Wayne T. Vestal, Jr., are Appellants.

Appeal of Wayne T. VESTAL, Sr., and Wayne T. Vestal, Jr.

(340 S. E. (2d) 532)

Supreme Court

*Ernest G. Lawhorne* of *Nauful & Ellis,* Columbia, *for appellants, Wayne T. Vestal, Sr.,* and *Wayne T. Vestal, Jr.*

*Henry W. Kirkland,* Columbia, *for appellants Hubbs.*

*William H. Bowman, III,* Columbia, *for respondent Government Employees Ins. Co.*

Heard Dec. 17, 1985.

Decided Jan. 13, 1986.

NESS, Chief Justice:

This is a declaratory judgment action concerning coverage provided by a boat-owner's insurance policy. We affirm in part and remand.

Appellant Graddie Hubbs owned a boat which was insured by respondent Government Employees Insurance Company (GEICO). Graddie entrusted the boat to his son, appellant, Ricky Hubbs, and another son Larry, for the teenagers to use while water skiing with several other people. During the time the boat was being used for water skiing, appellant Wayne Vestal, Jr., fell from the boat and was injured by the propeller.

Wayne, Jr. and his father, appellant Wayne Vestal, Sr., brought suit against the Hubbs.[1] GEICO refused to defend the Hubbs, alleging the policy was void because of a misrepresentation in the application. The Hubbs brought this declaratory judgment action to determine coverage, and the matter was heard by a master.

The master found the policy was in effect at the time of the accident, but that a $10,000 water skiing limitation was also in effect. He refused to consider the Hubbs' request for attorney fees, reserving the matter for trial of the tort action. The Hubbs and Vestals appealed.

The first issue is whether the water skiing limitation applies to a cause of action for negligent entrustment. Because the issue was neither raised or ruled upon below, we decline to reach it. *South Carolina Wildlife & Marine Resources v. Kunckle*, 336 S. E. (2d) 468 (1985).

Appellants also allege error in the master's finding the $10,000 limitation was in effect at the time of the accident. The policy provided $100,000 coverage, with a limitation on coverage of $10,000 whenever the boat is being used for water skiing. An insured may increase this coverage by paying an additional premium.

---

[1] The driver of the boat, Jeff Yasmine, was also a defendant below, but is not a party to the appeal.

In an action at law, tried without a jury, the judge's findings of fact will not be disturbed on appeal unless found to be without evidence which reasonably supports the findings. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). The master found Graddie had been advised of the limitation and declined additional coverage. The record supports this finding. We find no error.

Appellants also argue the water skiing limitation should not apply because Wayne, Jr. was only a passenger and was not involved in water skiing when he was injured. The limitation applies whenever "the insured boat is being used for water skiing . . ." Appellants concede the boat was being used for water skiing when Wayne, Jr. was injured, but argue since Wayne, Jr. was not skiing the exclusion is inapplicable.

While an insurance contract is to be construed liberally in favor of an insured, the Court must construe the policy according to the plain and ordinary meaning of the words used. *Deese v. American Banker's Life Assurance Company*, 263 S. C. 160, 208 S. E. (2d) 736 (1974). The language of the policy clearly focuses on the use being made of the *boat* at the time of the accident, not on the individual activity of the injured party. This argument is without merit.

The Hubbs assert error in the judge's failure to award attorney fees pursuant to S. C. Code Ann., Section 38-9-320 (1976). In their complaint, the Hubbs sought attorney fees on the basis of GEICO's refusal to defend them in the tort action. The statute applies where an insurer refuses without reasonable cause or in bad faith to defend its insured in a claim brought by a third party. *Sloan Construction Company v. Central National Insurance Company*, 269 S. C. 183, 236 S. E. (2d) 818 (1977).

The determination is to be made "on suit of such contract" and the costs recoverable are "all reasonable attorneys' fees for the prosecution of the case against the insurer." Section 38-9-320 (1976). The master erred in reserving the matter for determination in the tort action. The matter is remanded for a determination of whether the Hubbs are entitled to attorney fees under the statute.

Affirmed as modified.

GREGORY, CHANDLER and FINNEY, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.