596 S.E.2d 39

**The STATE, Petitioner,**

v.

**Bonnie Nelson BROWN, Respondent.**

No. 25802.

Supreme Court of South Carolina.

Heard March 3, 2004.

Decided April 12, 2004.

Rehearing Denied May 25, 2004.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General W. Rutledge Martin, all of Columbia; and William Townes Jones, of Greenwood, for Petitioner.

Assistant Appellate Defender Tara S. Taggart of Columbia, for Respondent.

Justice PLEICONES:

We granted certiorari to review the Court of Appeals' opinion in *State v. Brown,* 351 S.C. 522, 570 S.E.2d 559 (Ct.App.2002). We reverse.

## FACTS

Brown received a traffic citation on March 13, 1996, in Greenwood County, for Failure to Register a Vehicle and Operating an Uninsured Vehicle. A trial was held in Greenwood County by a magistrate on May 8, 1997. After Brown was convicted, he moved for a new trial. A new trial was granted by the magistrate.

At his second trial on July 16, 1997, Brown was found guilty by a Greenwood County jury, Magistrate Lasonia Williams presiding. Judge Williams sentenced Brown to 40 days in jail, or payment of a fine. Since Brown could not pay the fine, he immediately went to jail. Brown served the full sentence.

On August 6, 1997, Judge Williams received a written notice of appeal from the second Greenwood County magistrate's trial, which was filed in the Clerk's office on August 27, 1997. On September 2, 1997, Judge Williams filed an Answer to the Appeal. On October 1, 1997, Brown's appeal came before Circuit Judge Johnson, who reversed the jury verdict and remanded the case for a new trial. The Order granting a new trial stated that while Brown had successfully moved for a change of venue, venue had not in fact been changed.[1] Judge Johnson also reversed on another ground, which is not at issue in this case.

At this point in the proceedings, the Chief Magistrate of Greenwood County coordinated with the Abbeville County Chief Magistrate to comply with their mutual understanding

---

1. Actually, venue had already been changed. Greenwood County has a central magistrate court since it is only one district. S.C.Code Ann. § 22-2-190(24) (1989). When a party wants to change venue in a magistrate court with one district, "the papers shall be turned over to the nearest magistrate not disqualified from hearing the cause in the county, who shall proceed to try the case as if he had issued the warrant or summons." S.C.Code Ann. § 22-3-920 (1989). Unlike circuit court, change of venue in a magistrate court with only one district ordinarily means changing judges, not place of trial. In this

of Judge Johnson's 1997 Order requiring a change of venue. After consultation, the charges were transferred to Abbeville County for trial.

A third trial was conducted by Abbeville Magistrate G.T. Ferguson, and Brown was again convicted. Although Brown had initially sought a change of venue to another county, he objected to being tried in Abbeville County prior to the proceedings there. Brown, again, appealed his conviction to Circuit Court and the conviction was affirmed on October 13, 2000. In his order, Judge Johnson stated:

> Venue was proper in Abbeville County since Defendant had previously requested a change of venue in Greenwood. Greenwood County has only one magistrate district. The only place to change venue was to an adjoining county ... The verdict of the lower court is affirmed.

Brown appealed to the Court of Appeals.

During oral argument, the Court of Appeals *sua sponte* raised the issue whether the Circuit Court had subject matter jurisdiction to reverse the 1997 convictions from the second Greenwood County trial given the fact that Brown did not serve his notice of appeal on Judge Williams within 10 days of his convictions. The Court asked whether Brown had moved for a new trial since moving for a new trial extends one's deadline to appeal from magistrate's court. S.C.Code Ann. § 22-3-1000 (Supp.1996).[2] The Court gave Brown "ten days within which to provide this Court with a copy of the motion for a new trial that he filed." *Brown*, 570 S.E.2d at 559 n. 2 (Judge Connor's dissent quoting from oral argument).

Brown, instead, filed two affidavits, his, and one from a third party who attended the second 1997 trial. The affidavits state that Brown moved for a new trial immediately following

---

case, the second Greenwood County case was originally in front of Judge Cantrell and Brown requested a change of venue. Accordingly, the case was properly transferred to Judge Williams, another magistrate within Greenwood County. Only one change of venue transfer of right is allowed to each party in a magistrate court. S.C.Code Ann. § 22-3-920 (1989).

2. Brown's convictions were in 1997. At that time the deadline to serve an appeal was twenty-five days after the magistrate's grant or denial of a motion for a new trial. S.C.Code Ann. § 22-3-1000 (Supp. 1996).

the announcement of the verdict. The State filed a Motion Objecting to Consideration of Affidavits. The Court of Appeals found that Brown made a timely motion for a new trial and thus the 1997 Greenwood County appeal had been properly before the circuit court. Further, it vacated the 2000 Abbeville convictions, holding that a criminal action must be brought before a magistrate with jurisdiction in the county where the alleged offense occurred. The Court of Appeals concluded that the Abbeville magistrate had no subject matter jurisdiction to try Brown on these Greenwood charges. The State petitioned for a writ of certiorari, which was granted.

## ISSUES

A. Did the Court of Appeals err in concluding the 1997 appeal from Brown's second Greenwood County conviction was timely?

B. Did the Court of Appeals err in finding the Abbeville County Magistrate's Court lacked subject matter jurisdiction to try Brown?

## ANALYSIS

A. Did the Court of Appeals err in concluding the appeal from Brown's second Greenwood County conviction was timely?

The Court of Appeals erred in concluding the appeal from Brown's second conviction was timely. The Court of Appeals considered two affidavits, which were not included in the record on appeal, in determining that Brown filed a timely notice of appeal. The Court stated it could consider these affidavits because: (1) "justice dictates that the resolution of issues pertaining to subject matter jurisdiction be a paramount concern for our courts"; (2) "issues concerning the existence of subject matter jurisdiction may be raised at any time and by any party or the court"; (3) "the affidavits were submitted pursuant to the Court's invitation and were necessary for the crucial determination of whether subject matter jurisdiction existed. The affidavits submitted by Brown are therefore deemed a part of the record." *Brown*, 570 S.E.2d at 562.

---

The period was extended in 1999 to thirty days. *See* Annotation, S.C.Code Ann. § 22-3-1000 (Supp. 2001).

■ The Court of Appeals erred in considering these affidavits. First, there is no question of subject matter jurisdiction. In *Great Games, Inc. v. South Carolina Dept. of Rev.*, 339 S.C. 79, 529 S.E.2d 6 (2000), this Court addressed whether a circuit court lost "subject matter" jurisdiction over an appeal because the defendant failed to meet the requirement of posting a bond or paying a fine before appealing. In a footnote, this Court stated:

[t]he circuit court erroneously characterized the jurisdictional defect as one relating to the court's subject matter jurisdiction. Subject matter jurisdiction refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong"... *The failure of a party to comply with the procedural requirements for perfecting an appeal may deprive the court of "appellate" jurisdiction over the case, but it does not affect the court's subject matter jurisdiction.* (emphasis supplied) (internal citations omitted). *Great Games*, 529 S.E.2d at 8 n. 5.

As noted above, this Court has held the failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction, not the circuit court's subject matter jurisdiction. The Court of Appeals erred in concluding that subject matter jurisdiction was implicated by the failure to timely appeal a conviction from magistrate's court. Circuit court has the power to hear and determine this class of appeals. S.C.Code Ann. § 14–5–340 (1976).

Further, in Judge Williams' Answer to an Appeal, she stated, "[t]his Court does recognize that Section 22–3–1000 of South Carolina Code of Laws does give the appellant an additional 25 days, *but only after the denial of a motion for a new trial. This Court never received such motion from the Defendant.* He has only filed an appeal for reversal of the jury verdict in which he was found guilty of Failing to register a vehicle and Operating an uninsured vehicle. *The Court feels this appeal was not timely filed* and that the jury verdict should not be reversed." (emphasis supplied).

This Court has held that it is error for the Court of Appeals to consider facts not included in the magistrate's return. *State v. Osborne*, 335 S.C. 172, 176 n. 6, 516 S.E.2d 201, 203 n.

6 (1999) (holding that it was error for the Court of Appeals to rely on the recitation of facts contained in an appellate order instead of restricting itself to the facts contained in the magistrate's return). *See also State v. Barbee*, 280 S.C. 328, 313 S.E.2d 297 (1984) (magistrate's return is the official record of trial proceedings); *State v. Sarvis*, 265 S.C. 144, 147, 217 S.E.2d 38, 39 (1975) ("While the arguments indicate some disagreement as to the facts, we are bound by the Return of the magistrate before whom the respondent was tried").

Judge Williams clearly stated in her Return that Brown did not move for a new trial. The Court of Appeals was bound by this factual determination and erred in considering the two affidavits, which were outside the Record on Appeal.

## CONCLUSION

The 1997 appeal from the Greenwood County Magistrate conviction was untimely. Accordingly, these convictions from the second Greenwood County trial stand, and the Abbeville case is a nullity. The decision of the Court of Appeals is REVERSED. We need not reach the issue whether a magistrate can effectuate an inter-county transfer on criminal charges, nor the effect, if any, of the fact that Brown has already served his entire sentence on these charges.

TOAL, C.J., WALLER, J., and Acting Justices ALISON R. LEE and G. THOMAS COOPER, concur.