THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Appellant,
v.
Michael B. Cunningham, Respondent.
 
 
 

Appeal From Greenville County
 Charles B. Simmons, Jr., Special Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-615
Submitted November 1, 2004  Filed December 
 7, 2004

REVERSED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Assistant Deputy Attorney General Salley W. Elliott
Senior Assistant Attorney General Harold M. Coombs, Jr., all  
 of Columbia;  and Solicitor Robert M. Ariail, of Greenville, for Appellant.
C. Carlyle Steele, of Greenville, for Respondent.
 
 
 

PER CURIAM:  This case comes before us on appeal from the circuit courts 
 decision reversing and remanding respondents conviction in magistrates court.  
 We reverse the circuit court.1
FACTUAL/PROCEDURAL BACKGROUND
Respondent, Michael B. Cunningham, was charged with 
 littering and appeared before the magistrate.  Waiving his right to counsel 
 and to a jury trial, he was found guilty following a bench trial.  Cunningham 
 appealed to the court of common pleas asserting, among other things, that he 
 should receive a new trial because the main witness at the trial did not testify 
 directly, but rather had [the] officer read his statement which was improper 
 hearsay.  
The magistrate filed a return which included as follows:

The State represented 
 by Master Deputy, Ben Forrester, presented a sworn statement signed by the victim, 
 Mr. V.L. Sloan, about the incident which occurred in his presence on the date 
 of May 6, 2002.  The victim was present in the courtroom and stated for the 
 record that he was the author of that statement.  He was also prepared to answer 
 any questions that the defendant, Michael Cunningham, might have.  He did not 
 ask Mr. Sloan anything.  This was not improper hearsay.

*                 *                 *

The defendant did testify 
 in this bench trial merely stating that Mr. Sloan must have been mistaken when 
 he stated that he saw the defendant throw a bag of trash out of his truck in 
 the early hours of May 6, 2002 while the moon was still in the sky and dawn 
 was beginning.  The victim was standing by his house not more than 10 feet from 
 the road when he saw him throw the trash out.

On appeal to the circuit court, Cunninghams counsel asserted 
 Cunningham was denied the right to confront witnesses against him by admission 
 of the hearsay statement, and admission of the hearsay evidence was not cured 
 by the right to cross-examination.  The State, while not conceding the statement 
 was improper hearsay, argued the issue was not properly preserved for appeal, 
 as there was no objection below to the reading of the victims statement.  The 
 circuit court agreed that a contemporaneous objection was required, but found 
 it would be speculation to assume there was no objection since there was no 
 transcript from the trial.  Thereafter, by order dated September 26, 2003, the 
 circuit court reversed Cunninghams conviction and remanded for a new trial.  
 The circuit court judge found the reading of the statement of the witness was 
 inadmissible hearsay and, because the return did not address whether an objection 
 was made to the reading of the statement, a conclusion by the court that no 
 objection was made would involve speculation by the court.  
LAW/ANALYSIS
The State appeals, asserting the circuit court erred in reversing 
 Cunninghams conviction because the record failed to show Cunningham made a 
 contemporaneous objection to the admission of the evidence at the trial level.  
 We agree.
A circuit court has only appellate jurisdiction over a judgment from magistrate 
 court.  State v. Adler, 278 S.C. 66, 67, 292 S.E.2d 185, 186 (1982).  
 In criminal appeals from magistrate court, the circuit court may not conduct 
 a trial de novo, but instead reviews for preserved error 
 raised by appropriate exception.  State v. Henderson, 347 S.C. 455, 457, 
 556 S.E.2d 691, 692 (Ct. App. 2001).  It is axiomatic that in order to preserve 
 an issue for appellate review, a party must make a contemporaneous objection, 
 and an issue which is not properly preserved cannot be raised for the first 
 time on appeal.  State v. Hoffman, 312 S.C. 386, 393, 440 S.E.2d 869, 
 873 (1994).  An issue must be both raised to and ruled upon by the trial judge 
 to be preserved for appellate review.  State v. Dunbar, 356 S.C. 138, 
 142, 587 S.E.2d 691, 693 (2003).
A magistrates return is the official record of the trial proceedings, 
 and an appellate court may not consider facts not included within the return.  
 State v. Brown, 358 S.C. 382, 387-88, 596 S.E.2d 39, 41 (2004).  The 
 burden is on the appellant to provide a sufficient record from which an appellate 
 court can make an intelligent review.  State v. Mitchell, 330 S.C. 189, 
 199, 498 S.E.2d 642, 647 (1998); State v. Freeman, 319 S.C. 110, 122, 
 459 S.E.2d 867, 874 (Ct. App. 1995).
The circuit court judge determined, because the return did not 
 address whether an objection was made to the reading of the statement, a conclusion 
 by the court that no objection had been made would involve speculation by the 
 court.  However, a conclusion that such an objection was made is equally speculative.  
 Here, the only record from the trial level in this case is the magistrates 
 return.  There is simply no evidence of record that Cunningham objected to the 
 admission of the evidence at the trial level or that it was in any manner raised 
 to or ruled upon by the magistrate.  See Roche v. S.C. Alcoholic Beverage 
 Control Commn, 263 S.C. 451, 455, 211 S.E.2d 243, 244 (1975) (the purpose 
 of an appeal is to determine whether the trial judge erroneously acted or failed 
 to act, and where the appellants contentions are not presented or passed on 
 by the trial judge, such contentions should not be considered on appeal).  As 
 previously noted, in criminal appeals from magistrate court, the circuit court 
 may review only for preserved error.  Further, the magistrates return is the 
 official record of the trial proceedings, and the circuit court, sitting in 
 an appellate capacity, is not allowed to consider any facts not included within 
 the return.  The return does not reflect any objection was made to the admission 
 of the evidence Cunningham challenges on appeal.  Because the record failed 
 to reflect the issue raised on appeal was raised to the trial court, we hold 
 the circuit court erred in reversing Cunninghams conviction on that basis.  

For the foregoing reasons, the circuit court order is reversed 
 and Cunninghams conviction is reinstated.
REVERSED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.