THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Benjamin K. Cantrell, Appellant.
 
 
 

Appeal From Greenville County
 Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No.  2005-UP-345
Submitted May 1, 2005  Filed May 18, 2005

AFFIRMED

 
 
 
Benjamin K. Cantrell, of Greer, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Mark Rapoport, Office of the Attorney General, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  After Benjamin K. Cantrell was convicted and sentenced for driving under the influence in magistrates court, he appealed to the circuit court.  The circuit court dismissed the appeal as untimely.  Cantrell now appeals the order of the circuit court.  We affirm.1
FACTUAL/PROCEDURAL BACKGROUND
On June 10, 2002, a jury found Cantrell guilty of driving under the influence, and Judge Harold Grimsley sentenced Cantrell to a fine of $737.00.  On June 24, 2002, Cantrell sent his notice of appeal via facsimile to Magistrate Cagles office.  The July 30, 2002 return of the magistrate noted the appeal was not filed in a timely manner, and summarily addressed Cantrells reasons for appeal.  Following a hearing on April 14, 2003, the circuit court found the appeal was not filed within ten days after sentence pursuant to S.C. Code Ann. § 18-3-30 and, thus, the appeal was untimely.  The circuit court therefore dismissed the appeal.  This appeal followed.
LAW/ANALYSIS
Cantrell argues the circuit court improperly dismissed his appeal as untimely.  He asserts his notice of appeal was delayed because he thought he had thirty days to appeal based on the rule for civil appeals and the fact his case was assigned a civil case number.  
Initially, we question whether this issue is preserved for our review as this argument appears to be raised for the first time before this court.2  In the hearing before the circuit court, the solicitor argued the appeal was not filed within ten days as required by statute.  When the court asked Cantrell what he had to say in that regard, Cantrell stated, Not a whole lot, Your Honor.  The court then asked Cantrell if he agreed that he filed the appeal after ten days and Cantrell replied, Probably so.  The court concluded it was a jurisdictional issue and dismissed the appeal.  Cantrell never argued to the circuit court that he was misled into believing he had thirty days to file the appeal based on the case number assigned to the matter.3  See South Carolina Wildlife & Marine Res. Dept v. Kunkle, 287 S.C. 177, 179 n.2, 336 S.E.2d 468, 469 n.2 (1985) (noting a reviewing court may not rule on issues not raised in the lower court).   
At any rate, we find Cantrells argument has no merit.  Every person convicted before a magistrate of any offense whatever and sentenced may appeal from the sentence to the Court of Common Pleas for the county.  S.C. Code Ann. § 18-3-10 (Supp. 2004).  The appellant shall, within ten days after sentence, serve notice of appeal upon the magistrate who tried the case, stating the grounds upon which the appeal is founded.  S.C. Code Ann. § 18-3-30 (1985).  Failure to comply with the procedural requirements for an appeal divests the court of appellate jurisdiction.  State v. Brown, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004). 
Irrespective of Cantrells belief that he had thirty days to appeal based on the number assigned to his case, Cantrells case was clearly an appeal from a criminal conviction and sentence in magistrates court.  Cantrells notice of appeal was not served within ten days of his sentence as required by statute.4  Because the appeal was untimely, the circuit court did not have jurisdiction to hear the appeal and properly dismissed it.5  Accordingly, the order of the circuit court is
 AFFIRMED. 
 GOOLSBY, HUFF, and KITTREDGE, JJ., concur.

1 We decide this case without oral argument pursuant to Rule 215, SCACR.
2 At trial, Cantrells father attempted to represent him, but the magistrate did not allow the non-attorney father to act as Cantrells legal representative.  Instead, Cantrell was represented by an attorney.  On appeal to the circuit court, Cantrells father again attempted to represent him, but when the circuit court refused to allow it, Cantrell proceeded pro se.  Cantrells proceeding pro se does not excuse him from complying with the substantive and procedural requirements of the law.  State v. Burton, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003).
3 Although issues relating to subject matter jurisdiction may be raised at anytime, this issue does not involve subject matter jurisdiction as our courts have held that a partys failure to comply with procedural requirements of an appeal from magistrates court to the circuit court divests the court of appellate jurisdiction, but does not affect the circuit courts subject matter jurisdiction.  State v. Brown, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004).   
4 We further note the notice of appeal was apparently not served on the magistrate who tried the case, but was faxed to the chief magistrate fourteen days after his sentence.   
5 Based on our determination the circuit court properly dismissed the appeal, we need not address the other arguments raised by Cantrell to this court that his conviction should be reversed based on several other issues regarding his arrest, legal representation, and alleged errors of the court.