THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia Frierson,       
 Appellant,
 
 
 

v.

 
 
 
 Stone Ridge Apartments,
 Cornerstone Realty Income
 Trust,        Defendants,
 Of whom Cornerstone Reality
 Income Trust is the,       
 Respondent.
 
 
 

Appeal From Richland County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No.
2005-UP-427
Submitted June 1, 2005  Filed July 5, 2005

AFFIRMED

 
 
 
 Patricia Frierson, of
 Columbia, for Appellant.
 Andrew C. English, III and
 Jason M. Bobertz, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this
landlord/tenant dispute, tenant Patricia Frierson appeals an order of the
circuit court affirming the magistrate courts judgment in favor of the
landlord, Stone Ridge Apartments.  We affirm.1
FACTUAL/PROCEDURAL BACKGROUND
Frierson brought this action against
Stone Ridge Apartments (landlord) in magistrates court alleging causes of
action for wrongful eviction and intentional infliction of emotional distress.2  In her complaint, Frierson
maintained landlord refused to make repairs that affected her health and safety,
that because of this non-compliance she withheld her rent, that she was
subsequently wrongfully evicted from her apartment, and that landlord reported
her failure to pay rent to a credit bureau thereby making it impossible for
Frierson to rent another apartment for almost a year.  Landlord answered,
asserting a general denial, and counterclaimed for rental payments due pursuant
to a previous order of the court ejecting Frierson from the premises. 
Following a trial in magistrates
court on November 12, 2002, the magistrate ruled in favor of landlord,
dismissing Friersons complaint and ordering Frierson to pay $1,517 for past
due rent.  In his order, the magistrate found Frierson failed to meet her
burden of proof that landlord jeopardized her health and safety in any
way.  He further determined Frierson failed to give landlord proper notice
of her concerns and therefore waived any right to withhold rent on that
basis.  Frierson moved for a new trial based on newly discovered
evidence.  The magistrate denied the motion, finding the alleged newly
discovered evidence presented at the motion hearing could have been made
available before the trial and was therefore not new evidence, but simply
additional evidence gathered after the trial. 
Frierson appealed to the circuit
court.  Following a hearing on the matter, the circuit court affirmed the
magistrate court. 
LAW/ANALYSIS
On appeal, Frierson contends the
trial judge erred in (1) determining she failed to give landlord notice; (2)
refusing to admit the proffered testimony of a witness; and (3) refusing to
consider her causes of action for willful non-compliance and intentional
infliction of emotional distress.  Landlord asserts these issues are not
properly preserved for our review as Frierson failed to raise them by exception
in her notice of appeal to the circuit court.  We agree with landlord.
In her notice of appeal, Frierson
set forth her exceptions as follows:

 During the bench trial on November
 12, 2003, it quickly became apparent that [the magistrate] was biased against
 the Plaintiff, Pro Se and my case had already been decided.  That nothing
 I said and no evidence I presented would make a difference.  The Judges
 bias against me was clearly evident in his condescending demeanor and the
 manner in which he addressed meno eye contact, head hung down, disinterest
 in my testimony, not reading any of my documents and refusing to call a
 witness on my behalf.  Photographs supporting my pleadings were totally
 ignored and, I had to ask for the Judges attention several times during the
 trial.  And, to further exasperate the situation, there is no record of
 the trial.  In open court, [the magistrate] inserted a cassette into the
 recorder then later, turned it over.  A motion for a new trial was filed
 within the 5 days allowed.  No record of the bench trial was available.
 [The magistrate] should have
 recused himself because of bias.
 [The magistrates] intemperate
 conduct and bias against the Appellant made it impossible to get a full and
 fair trial.

At the hearing before the circuit
court, the attorney for landlord noted Friersons sole exception raised to the
court was that of bias.  Frierson stated as follows:

 In my notice of appeal, as
 [landlords attorney] so correctly stated, that the allegations of bias, I
 would like to withdraw all allegations of bias and proceed based on the return
 that the judge submitted. . . . I was upset.  I was emotionally
 upset.  And I withdraw all allegations of bias . . . .

After reading the return and
Friersons notice of appeal, the circuit court judge addressed Frierson
saying, [Y]ou have stated to the court that youre withdrawing any of the
appeal grounds for bias and I dont believe that leaves anything on the actual
written record here stating the grounds of appeal.  Frierson disagreed,
stating that the issues she intended to present were all in the notice of
appeal, but they were emotionally rattled off, and she specifically
believed the body of the appeal addressed the magistrates refusal to call a
witness on her behalf. 
We agree with landlord that the
issues raised by Frierson on appeal are not properly preserved for our review as
they were not raised by exception to the circuit court.  See S.C.
Code Ann. § 18-7-20 (Supp. 2004) (in appeals from magistrate courts to circuit
courts, [t]he appellant, within thirty days after written notice of judgment
. . . shall serve a notice of appeal, stating the grounds upon which the
appeal is founded.) (emphasis added).  The gravaman of Friersons
exceptions on appeal to the circuit court was that the magistrate was biased
against her.  While she did state in her exceptions that the magistrate refus[ed]
to call a witness on her behalf, she raised this as an example of the
magistrates bias against her, and did not assert by way of exception that the
magistrate committed legal error in failing to call this witness.  Further,
in the hearing before the circuit court, Frierson failed to make any argument or
cite any law supporting her position that the magistrate erred in not allowing
this witness to be called.  Accordingly, we find the only issue raised by
exception to the circuit court was withdrawn by Frierson, and the issues raised
before this court on appeal are not properly preserved.  See South
Carolina Wildlife & Marine Res. Dept v. Kunkle, 287 S.C. 177, 179
n.2, 336 S.E.2d 468, 469 n.2 (1985) (noting a reviewing court may not rule on
issues not raised in the lower court).  
At any rate, we find judgment in
favor of landlord was proper.  The current action had roots in the prior
eviction of Frierson.  On July 24, 2001, landlord filed an eviction action
against Frierson and the magistrate issued an order of ejectment which provided,
Some exterior maintenance concern was work[ed]-out and Mrs. Frierson agreed .
. . to pay rents . . . .  The order noted Frierson was to pay her June
rent by July 30, 2001 and her July and August rent by August 6, 2001, and gave
the landlord the right to proceed with ejectment if Frierson defaulted. 
Frierson never appealed this order nor raised the issue of non-compliance with
the ejectment order.  Rather, she instituted this complaint one year later,
asserting causes of action that were or may have been raised in the eviction
proceeding.  Because Frierson did not appeal the order of ejectment, her
current action is precluded by the doctrine of res judicata.3  See Plum Creek Dev. Co. v. City of
Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (citations omitted) (Res
judicata bars subsequent actions by the same parties when the claims arise out
of the same transaction or occurrence that was the subject of a prior action
between those parties.  Under the doctrine of res judicata, [a] litigant
is barred from raising any issues which were adjudicated in the former suit and
any issues which might have been raised in the former suit.).
For the foregoing reasons, the order
below is
AFFIRMED.
HUFF and KITTREDGE, JJ., and
CURETON, A.J., concur.

1 We decide this case without oral argument pursuant to Rule 215,
SCACR.
2 Frierson also alleges she is entitled to judgment based on
respondents willful noncompliance.  This is apparently in
reference to respondents alleged failure to make certain repairs that are
related to her cause of action for wrongful eviction.
3 This court may affirm based on any ground appearing in the
record.  See Rule 220(c), SCACR (The appellate court may affirm
any ruling, order, or judgment upon any ground(s) appearing in the Record on
Appeal.).