THIS OPINION HAS
 NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Anonymous
 Taxpayer, Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Department of Revenue, Respondent.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2008-UP-124
Submitted February 1, 2008  Filed
 February 20, 2008
AFFIRMED

 
 
 
 Emily T. Short, of Goose Creek, for
 Appellant.
 Ronald W. Urban, South Carolina Department of Revenue, of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Anonymous
 Taxpayer (the taxpayer) appeals from a circuit court order dismissing her
 appeal from the administrative law court.  We affirm.[1]
FACTUAL / PROCEDURAL HISTORY
Between
 January 1, 1996 and March 31, 1998, the taxpayer owned and operated Emilys
 Temporary Housing, a sole-proprietorship.  On April 1, 1999, the taxpayer
 incorporated her business as Emilys at Otranto, Inc., doing business as
 Emilys Temporary Housing Service.  The taxpayers businesses leased local
 houses and sublet the houses to individuals.   In 2000, the Department
 of Revenue (the Department) conducted a sales and accommodations tax audit of
 the taxpayers businesses.  During the audit, the Department determined the taxpayer
 sublet various properties for time periods less than ninety days and failed to
 remit the applicable taxes on the proceeds of the rentals.  The Department
 issued a proposed assessment to the sole-proprietorship in the amount of $13,093.41,
 and to the corporation in the amount of $2,873.02.  
The taxpayer
 requested a contested hearing before the Administrative Law Court (ALC).  After
 a hearing, the ALC upheld the Departments assessments.  The taxpayer did not
 pay or post bond for the amount of tax and interest assessed by the Department.
  Instead, the taxpayer appealed to the circuit court.  The Department filed a
 motion to dismiss.  By order of June 20, 2006, the circuit court granted the
 Departments motion.  This appeal followed.
LAW / ANALYSIS
I.  Failure
 to Pay 
The taxpayer argues the circuit court erred
 in dismissing her appeal for failure to pay or post a bond for the amount of
 tax and interest determined to be due by the ALC.   We disagree.
South
 Carolina Code Section 12-60-3370 states [a] taxpayer shall pay, or post bond for, all taxes, not
 including penalties or civil fines, determined to be due by the administrative
 law judge before appealing the decision to the circuit court.  S.C. Code Ann.
 § 12-60-3370 (Supp. 2005).  The term tax or taxes is defined to include
 interest.  S.C. Code Ann. § 12-60-30(27) (Supp. 2005).  A partys failure to
 comply with such procedural requirements for an appeal divests a court of
 appellate jurisdiction.  State v. Brown, 358 S.C. 382, 387, 596 S.E.2d
 39, 41 (2004).
Here,
 the amount due from the taxpayer is a tax as defined in the South Carolina
 Revenue Procedures Act (the Act).  The Act defines tax or taxes as taxes, licenses, permits,
 fees, or other amounts, including interest, regulatory and other penalties, and
 civil fines, imposed by this title, or subject to assessment or collection by
 the Department.  S.C. Code Ann. § 12-60-30(27).  Section 12-36-920 imposes a
 sales tax equal to seven percent . . . on the gross proceeds derived from the
 rental . . . for any rooms, . . . lodgings, or sleeping accommodations
 furnished to transients.  S.C. Code Ann. § 12-36-920.  
As stated above, taxpayer failed to pay the taxes
 attributable to her sole proprietorship and corporation prior to filing her
 appeal in the circuit court.  Accordingly, the circuit court properly dismissed
 the appeal for lack of appellate jurisdiction.
II.  Timeliness
The taxpayer further argues the circuit
 court erred in dismissing her appeal as untimely.  Because we affirm the
 circuit courts order on the failure to pay issue, we decline to address this
 issue.  See IOn, L.L.C. v. Town of Mount Pleasant, 338 S.C. 406,
 423, 526 S.E.2d 716, 725 (2000) (holding the court need not address additional
 issues if the issues are not necessary to the resolution of the case).
AFFIRMED.
HEARN, C.J., PIEPER, J., and GOOLSBY, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.