**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John W. Barnette, Appellant.

Appellate Case No. 2012-212712

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2014-UP-146
Submitted February 1, 2014 – Filed April 2, 2014

**AFFIRMED**

Bobby G. Frederick and Matthew Sherrod Swilley, both of Frederick Law Office, of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** John W. Barnette appeals the decision of the circuit court affirming his conviction in absentia in magistrates court for criminal domestic violence (CDV), arguing (1) the circuit court erred in allowing the State to

introduce new evidence during the appeal hearing and (2) the circuit court erred in affirming the magistrates court's denial of Barnette's motion for a new trial because the State offered no evidence that Barnette had notice of the trial date. Initially, we find the circuit court erred in admitting evidence not contained in the record and basing its decision on that evidence;[1] however, we affirm[2] because Barnette has not shown the magistrates court's finding that Barnette received notice is without evidentiary support and therefore clearly erroneous.

The magistrates court made statements prior to trial that Barnette had notice and was aware the trial could proceed without him and later made written findings of fact in its return stating specifically that Barnette was notified of the date, time, and place of his trial and that the trial would proceed in his absence. *See City of Aiken v. Koontz*, 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct. App. 2006) ("[T]he trial [court] must make findings of fact on the record that the defendant (1) received notice of his right to be present; and (2) was warned that the trial would proceed in his absence should he fail to attend."). Additionally, as in *Koontz*, Barnette initialed an order specifying the methods and conditions of his release, which informed him of his obligation to appear "at such other times and places ordered by the court"; the magistrates court adjudicating Barnette's bail signed a "Checklist for Magistrate and Municipal Judges" stating that it informed Barnette of his right and obligation to appear for trial and that a waiver of his right to be present would result if he failed to attend; the State informed the magistrates court on the record that it sent notices to Barnette at two addresses but the mailings were returned with no forwarding address; and Barnette failed to alert the magistrates

---

[1] *See State v. Hoyle*, 397 S.C. 622, 625, 725 S.E.2d 720, 721-22 (Ct. App. 2012) ("In a criminal appeal from the magistrate[s] court, the circuit court does not review the matter de novo; rather, the court reviews the case for preserved errors raised by appropriate exception."); *Rogers v. State*, 358 S.C. 266, 270, 594 S.E.2d 278, 280 (Ct. App. 2004) ("[T]he circuit court, sitting in its appellate capacity, may not engage in fact finding."); *State v. Brown*, 358 S.C. 382, 387-88, 596 S.E.2d 39, 41 (2004) (finding error when an appellate court considered facts not included in the magistrate's return); *id.* at 388, 596 S.E.2d at 41 (stating the "magistrate's return is the official record of trial proceedings" (citing *State v. Barbee,* 280 S.C. 328, 313 S.E.2d 297 (1984))).

[2] *See* Rule 220, SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

court or the State to his change of address.  *See id.* at 547-49, 629 S.E.2d at 689-90 (considering similar factors in upholding a conviction in absentia).  Finally, Barnette signed a bond form that warned his trial would proceed despite his absence if he failed to appear.  *See State v. Ravenell*, 387 S.C. 449, 456, 692 S.E.2d 554, 558 (Ct. App. 2010) ("[A] bond form that provides notice that a defendant can be tried in absentia may serve as the requisite warning that he may be tried in his absence should he fail to appear.").   Thus, there is evidence to support the magistrates court's finding that Barnette received proper notice of his trial.  *See State v. Landis*, 362 S.C. 97, 101, 606 S.E.2d 503, 505 (Ct. App. 2004) ("In criminal cases, [this court] sits to review errors of law only and is bound by the factual findings of the trial court unless clearly erroneous.").  Accordingly, the decision of the circuit court is affirmed.

**AFFIRMED.**[3]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.