**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Isaac Smith, Jr., Appellant,

v.

Estate of Carrie Muller Smith Lewis, Respondent.

Appellate Case No. 2024-001668

Appeal From Lexington County
William C. McMaster, III, Circuit Court Judge

Unpublished Opinion No. 2026-UP-056
Submitted January 2, 2026 – Filed February 11, 2026

**AFFIRMED**

Isaac Smith, Jr., of Los Angeles, California, pro se.

Kenneth Allen Davis, of Boykin & Davis, LLC, of Columbia, for Respondent.

**PER CURIAM:** Isaac Smith, Jr., appeals the circuit court's order dismissing his appeal from the probate court's order approving the will of Carrie Muller Smith Lewis. On appeal, he argues the circuit court erred in dismissing his appeal based upon his failure to properly serve the notice of appeal. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court erroneously dismissed Smith's appeal based upon a lack of subject matter jurisdiction; however, we affirm the dismissal because Smith acknowledged that he failed to properly serve Lewis's estate with the notice of appeal, and a party's failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction. *See* S.C. Code Ann. § 62-1-308(i) (2022) (providing that, in considering an appeal from the probate court, "[t]he circuit court, court of appeals, or Supreme Court shall hear and determine the appeal according to the rules of law"); *Matter of Howard*, 315 S.C. 356, 360, 434 S.E.2d 254, 256 (1993) ("As used in [section 62-1-308(i)], the phrase 'according to the rules of law' means according to the rules governing appeals."); S.C. Code Ann. § 62-1-308(a) (2022) (specifying that the notice of appeal from the probate court "to the circuit court must be filed . . . and a copy served on all parties not in default within ten days after receipt of written notice of the appealed" order); *Southbridge Props., Inc. v. Jones*, 292 S.C. 198, 199, 355 S.E.2d 535, 536 (1987) ("Where service by mail is permitted, it is complete when the document is deposited with the United States Postal Service, *properly addressed* with sufficient postage.") (emphasis added); *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) ("[F]ailure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction, not . . . subject matter jurisdiction."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

We hold Smith's argument that dismissal was unwarranted when Lewis's estate received actual notice of his appeal to the circuit court is unpreserved for review because the circuit court did not rule on the issue. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.