20671

The STATE Respondent, v. Kenneth Lee JONES, Appellant.

(243 S. E. (2d) 461)

F. *Truett Nettles, II,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Brian P. Gibbes* and *Robert N. Wells, Jr.,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

April 20, 1978.

*Per Curiam:*

Appellant was convicted of murder and armed robbery. He was sentenced to life imprisonment for murder and to twenty-five (25) years imprisonment for armed robbery to be served concurrently with the life sentence.

Appellant contends that the trial judge erred in accepting his waiver of appointed counsel without informing him that he had a right to have new counsel appointed. At the beginning of his second day of trial appellant asked that the court allow him to proceed without the assistance of the two attorneys appointed to represent him. The basis for his request was his desire to call certain witnesses to testify despite the advice of his counsel which was, apparently, to the contrary. Appellant made no other complaints about his counsel nor did he argue that their assistance was ineffective. The judge consented to his proceeding without counsel but requested that his two former attorneys sit with him during the remainder of the trial to provide him assistance when needed. At no time did he offer appellant substitute counsel.

For the remainder of the trial, appellant conferred on at least ten occasions with his former counsel, who, following the trial judge's request, had been available for consultation with him during that time. In addition, these attorneys made various motions for appellant and made his closing arguments to the jury.

No previous opinion of this Court appears to have directly considered the issue presented by this appeal. The general rule elsewhere appears to be that "while accused may have the right to reject or discharge court-appointed counsel and conduct his own defense or secure his own counsel, he does not have the right, without a showing of satisfactory cause to refuse or dismiss the counsel appointed and have other counsel appointed." 23 C. J. S. *Criminal Law,* § 982(5) (1961) ; see 157 A. L. R. 1225; cf. 73 A. L. R. 3d 725.

We hold that, at least after the trial has begun, a ■■ mere disagreement between a defendant and his counsel as to a matter of trial tactics is not sufficient cause, in itself, to require the trial court to replace or to offer to replace court appointed counsel with another attorney at that time. See *State v. Robinson,* 290 N. C. 56, 224 S. E. (2) 174 (1976). See also *People v. Williams,* 2 Cal. 3d

894, 88 Cal. Rptr. 208, 471 P. (2d) 1008 (1970).[1] Thus, in the instant case, we find no error in the trial judge's failure to offer or appoint substitute counsel when appellant asked that his attorneys be dismissed. The basis for his request was a disagreement with his counsel over a matter of trial tactics, which, on the facts of this case, did not entitle appellant to the appointment of other counsel.

Our decision in this case should not be interpreted to foreclose a trial judge from, in his discretion, offering to appoint other counsel for a defendant who no longer desires the assistance of his court appointed counsel. See *State v. Taylor,* 255 S. C. 268, 178 S. E. (2d) 244 (1970).

After a full consideration of the remaining issues raised by appellant, we are of the opinion that no error of law appears and that these issues are governed by well settled principles of law. Accordingly, they are dismissed under Rule 23 of the Rules of Practice of this Court.

Affirmed.

---

[1] In *Robinson* the initial request for substitution was made prior to the defendant's entering a plea but it was later renewed. In *Williams,* the initial request was made after the jury was sworn but before any evidence was presented. Although these cases are distinguishable from the instant case as to timing of requests for substitution, when the disagreement with counsel is merely concerning trial tactics, certainly no greater justification would exist for the replacement of counsel after trial has begun than would exist before that time.