### 23759

Samuel E. WHITEHEAD, Petitioner v.
STATE of South Carolina, Respondent.
(426 S.E. (2d) 315)

Supreme Court

---

*Asst. Appellate Defender Lesley M. Coggiola,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Teresa N. Cosby,* Columbia, *for respondent.*

Submitted Oct. 26, 1992.

Decided Dec. 14, 1992.

HARWELL, Chief Justice:

We granted certiorari to review the dismissal of Samuel E. Whitehead's (Whitehead) application for postconviction relief (PCR). Whitehead contends that the PCR judge erred by failing to appoint counsel or obtain a knowing and intelligent waiver of the right to counsel. We reverse and remand for a new PCR hearing.

## I. FACTS

Whitehead pleaded guilty to first-degree burglary and committing a lewd act on a minor. His first PCR application was dismissed as meritless. We denied his petition for writ of certiorari to review that ruling.

Whitehead filed a second PCR application and a petition for *habeas corpus,* followed by a motion requesting that counsel be appointed to represent him. At a hearing to consider Whitehead's *habeas corpus* petition, the judge ordered the PCR file and *habeas corpus* file consolidated. Then, after being informed by the state that the decision to appoint counsel for indigent defendants in successive PCR proceedings is discretionary, the judge declined to appoint counsel. Whitehead was forced to present his claims to the court *pro se.* At the conclusion of the hearing, Whitehead's PCR application was dismissed.

## II. DISCUSSION

Whitehead contends that Rule 71.1(d), SCRCP, required the judge to appoint counsel for him or to obtain his intelligent and knowing waiver of the right to counsel. We agree.

Rule 71.1(d), SCRCP, provides:

> If, after the State has filed its return, the application presents questions of law or fact which will require a hearing, the court shall promptly appoint counsel to assist the applicant if he is indigent. . . .

> Rules of procedure, like statutes, should be given their plain meaning. When the text of a rule is clear and unambiguous, judicial inquiry is complete. *See, e.g., Business Guides v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed. (2d) 1140 (1991) (clear and unambiguous text in the Federal Rules of Civil Procedure is given its plain meaning).

In our view, the plain and unambiguous language of Rule 71.1(d) mandates the appointment of counsel for indigent PCR applicants whenever a PCR hearing is held to determine questions of law or fact. Therefore, we hold that when a PCR application is not dismissed *before* a hearing is held, the PCR judge must appoint counsel or obtain a knowing and intelligent waiver of that right by the applicant. To establish a valid waiver of the right to counsel, the PCR applicant must be made aware of the right to counsel and the dangers of self-representation. *See, e.g., Prince v. State,* 301 S.C. 422, 392 S.E. (2d) 462 (1990).

The State argues that Rule 71.1 is inapplicable to this case because whitehead's PCR application was summarily dismissed at the close of his *habeas corpus* hearing. However, it is clear from the record that the court addressed the merits of Whitehead's PCR application during the *habeas corpus* hearing and thus essentially conducted a PCR hearing simultaneously with the *habeas corpus* hearing. Therefore, the judge should have appointed counsel pursuant to Rule 71.1(d) or obtained a knowing and intelligent waiver of the right to counsel. Accordingly, the order dismissing Whitehead's PCR application is reversed and the case remanded for a new PCR hearing.

Reversed and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.