550 S.E.2d 908

**The STATE, Appellant,**

v.

**Curtis GIBBS, Respondent.**

**No. 3371.**

Court of Appeals of South Carolina.

Submitted April 24, 2001.

Decided July 16, 2001.

Rehearing Denied Aug. 23, 2001.

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr., and Legal Counsel J. Benjamin Aplin, all of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for appellant.

Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense, of Columbia, for respondent.

PER CURIAM:

The State appeals the trial court's ruling allowing Curtis Gibbs to stay his probationary sentences pending appeal without filing an appeal bond pursuant to Rule 230, SCACR. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Gibbs was indicted for driving under suspension, fourth offense, which was later changed to DUS second. He was also indicted for a fraudulent check more than $500. He pled guilty to both charges and was sentenced to six months imprisonment suspended upon two months probation for the DUS charge. He was sentenced to eight years imprisonment suspended upon two years probation on the fraudulent check charge. The State tried to revoke Gibbs's probation shortly thereafter but Gibbs had filed a notice of intent to appeal the guilty pleas. He argued the State could not proceed with the probation revocation because his sentences were stayed pending the conclusion of the appeal. He did not file an appeal bond arguing, pursuant to Rule 230, SCACR, it was not required since his sentences did not involve confinement. The trial court agreed, ruling the sentences were stayed pending the appeal and that Gibbs did not have to file an appeal bond.

## LAW/ANALYSIS

In regard to stays in criminal appeals, our appellate court rules state in pertinent part:

> The service of a notice of appeal by a criminal defendant shall operate as a stay of the execution of the sentence until the appeal is finally disposed of; provided, however, a sentence of confinement shall not be stayed until the defendant has posted bail under S.C.Code Ann. §§ 18–1–80 and –90 (1985).[2]

Rule 230(a), SCACR.

Clearly, the rule explains two different procedures that must be followed to stay a sentence that confines the defendant compared to one that does not. For non-confinement sentences, simply serving the notice of intent to appeal stays

---

2. "Pending such appeal the defendant shall still remain in confinement until he give bail in such sum and with such sureties as to the court shall seem proper." S.C.Code Ann. § 18–1–80 (1976). "Bail may be allowed to the defendant in all cases in which the appeal is from the trial, conviction, or sentence for a criminal offense. However, bail is not allowed when the defendant has been sentenced to death, life imprisonment, or imprisonment for more than ten years." S.C.Code Ann. § 18–1–90 (1976 & Supp.2000).

the execution of the sentence until the appeal has been concluded. For sentences involving confinement, the defendant must post bail in accordance with S.C.Code Ann §§ 18-1-80, -90 (1976 & Supp.2000).

■ "When interpreting a statute, our primary role is to ascertain the intent of the legislature." *State v. Johnson*, 343 S.C. 693, 695, 541 S.E.2d 855, 857 (Ct.App.2001). When a statute's language is plain and unambiguous and conveys a clear and definite meaning, the appellate court will not look for or impose another meaning. *State v. Jihad*, 342 S.C. 138, 142, 536 S.E.2d 79, 81 (Ct.App.2000); *see Adkins v. Varn*, 312 S.C. 188, 191, 439 S.E.2d 822, 824 (1993) (noting when the statute contains terms which are clear and unambiguous, the court must apply those terms according to their literal meaning); *Johnson*, 343 S.C. at 695, 541 S.E.2d at 857 (noting "words should be given their plain and ordinary meaning"). This analysis is the same whether the court is interpreting a statute, constitution, or rule of procedure. *See J.K. Const., Inc. v. W. Carolina Reg'l Sewer Auth.*, 336 S.C. 162, 170, 519 S.E.2d 561, 565 (1999) ("In construing a statutory or constitutional provision, the Court must give clear and unambiguous terms their plain and ordinary meaning...."); *Whitehead v. State*, 310 S.C. 532, 534, 426 S.E.2d 315, 316 (1992) ("Rules of procedure, like statutes, should be given their plain meaning.").

■ We hold the rules of appellate procedure should be interpreted in like fashion to the analysis undertaken in interpreting all other rules of court procedure. When the rule contains clear and unambiguous terms, those terms should be given their plain and ordinary meaning.

■ Here, the State argues Gibbs received sentences of confinement that were "merely suspended" because they were reduced to probation. The State contends the sentences fell under the latter part of Rule 230, SCACR, and thus, maintains that Gibbs had to file an appeal bond to stay the sentences. We disagree.

Rule 230, SCACR, is clear and unambiguous in stating the filing of the notice of intent to appeal stays the execution of sentences that do not confine the defendant. The trial court

sentenced Gibbs to two years probation on the fraudulent check charge and two months probation on the DUS charge. The sentences did not require Gibbs to be confined and, therefore, the filing of the notice of intent to appeal alone was sufficient to stay the sentences. Thus, we conclude that Gibbs's sentences were stayed pending appeal without the necessity of an appeal bond being filed.

**AFFIRMED.**

CURETON, STILWELL, and HOWARD, JJ., concur.