557 S.E.2d 662

**Jermano GARY, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25391.**

Supreme Court of South Carolina.

Submitted Nov. 28, 2001.

Decided Dec. 17, 2001.

Assistant Appellate Defender Eleanor Duffy Cleary, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General David Spencer, all of Columbia, for respondent.

MOORE, Justice:

Petitioner's application for post-conviction relief (PCR) was dismissed as time-barred under S.C.Code Ann. § 17–27–45(A) (Supp.2000). We remand.

## FACTS

Petitioner pled guilty to murder and was sentenced to thirty years on October 25, 1995. No direct appeal was taken. More than a year later, on November 5, 1996, petitioner filed a PCR application asserting he was indigent and alleging trial counsel was ineffective in advising him to plead guilty.

In response to petitioner's application, the State filed a motion to dismiss on the ground the action was barred by the one-year limitation provided in § 17–27–45(A). After a hearing at which petitioner appeared pro se, the PCR judge dismissed petitioner's application.

## ISSUES

1. Does mailing constitute filing under § 17–27–45(A)?
2. Should counsel have been appointed to represent petitioner at the hearing?

## DISCUSSION

Section § 17–27–45(A) provides:

An application for relief filed pursuant to [the Uniform Post–Conviction Procedure Act] must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

Under S.C.Code Ann. § 17–27–40 (1985), the application must be filed with the clerk of the court in which the conviction took place.

At the PCR hearing, no evidence was introduced. Petitioner told the judge he mailed his application on October 22, 1996, which was within the one-year limitation, but claimed he mistakenly sent it to "the wrong place" and "by the time it came back, it was too late." Petitioner's application was summarily dismissed for failure to comply with § 17–27–45(A).

 It is clear under South Carolina law that mailing does not constitute filing. When a statute requires the filing of a paper or document, it is filed when delivered to and received by the proper officer. *Fox v. Union–Buffalo Mills,* 226 S.C. 561, 86 S.E.2d 253 (1955).[1] The mailing of petitioner's application was therefore not sufficient under § 17–27–45(A).

On appeal, petitioner argues we should allow "equitable tolling" of the statute of limitation because he simply filed in the wrong venue. *See Burnett v. N.Y. Central R.R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (applying equitable tolling for filing in wrong venue and recognizing policy reasons under the specific statutory scheme in question).[2] This issue was not raised below and is not properly before us. *Palacio v. State,* 333 S.C. 506, 511 S.E.2d 62 (1999) (issue not addressed by PCR judge is not preserved for review). Because we find the hearing afforded petitioner was inadequate, however, we remand for appointment of counsel.

 Rule 71.1(d) provides:

---

**1.** Where specifically provided by statute or rule, filing may be otherwise defined. *See, e.g.,* Rule 233(a)(2), SCACR (filing may be accomplished by depositing document in U.S. mail, properly addressed with sufficient first class postage).

**2.** We express no opinion on the validity of this defense to the statute of limitation.

If, after the State has filed its return, the application presents questions of law or fact which will require a hearing, the court shall promptly appoint counsel to assist the applicant if he is indigent. Counsel shall be given a reasonable time to confer with the applicant. Counsel shall insure that all available grounds for relief are included in the application and shall amend the application if necessary.

Under this rule, an indigent applicant who is granted a hearing has a statutory right to be represented by a court-appointed attorney. *Al–Shabazz v. State,* 338 S.C. 354, 364, 527 S.E.2d 742, 747 (2000) *citing Whitehead v. State,* 310 S.C. 532, 426 S.E.2d 315 (1992). Petitioner was not appointed counsel to represent him at the hearing and there is no waiver of his right to counsel in the record. Further, in the interest of fairness, we find counsel should be appointed under Rule 71.1(d) when the State moves for dismissal under § 17–27–45(A) and the PCR applicant raises an issue of material fact regarding the applicability of the one-year limitation.

We remand this case for appointment of counsel and an evidentiary hearing regarding petitioner's claim of equitable tolling of the one-year limitation.

**REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.