577 S.E.2d 454

The STATE, Petitioner,

v.

Curtis GIBBS, Respondent.

No. 25600.

Supreme Court of South Carolina.

Heard Jan. 23, 2003.
Decided Feb. 24, 2003.

Deputy Director for Legal Services Teresa A. Knox; Legal Counsel Tommy Evans, Jr.; and Legal Counsel J. Benjamin Aplin, all of S.C. Dept. of Probation, Parole & Pardon, of Columbia, for Petitioner.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for Respondent.

Justice PLEICONES.

Curtis Gibbs ("Gibbs") pleaded guilty to driving under suspension (second) and to uttering a fraudulent check of more than $500. For DUS, Gibbs was sentenced to six months imprisonment and a fine of $500, provided upon payment of $200, the balance was to be suspended with probation for two months. For the fraudulent check conviction, Gibbs was sentenced to eight years imprisonment and a fine of $1,000. The sentence was to be suspended with probation for two years provided Gibbs paid restitution of $618.28, with at least $200 of the restitution to be paid by June 25, 2000.

Gibbs filed a notice of appeal. The State commenced a probation revocation action after Gibbs failed to report to the probation officer, and failed to pay the $200 restitution due on June 25th. Gibbs argued that the State could not proceed with probation revocation because his sentences were automatically stayed pending the conclusion of the appeal. The State contended the sentences were not automatically stayed and that to obtain a stay, Gibbs was required to post an appeal bond pursuant to Rule 230(a), SCACR. The trial court held the sentences were automatically stayed pending appeal, without the filing of an appeal bond. The Court of Appeals affirmed. *State v. Gibbs*, 346 S.C. 355, 550 S.E.2d 908 (Ct. App.2001). We granted the State's petition for writ of certiorari to review this decision, and reverse.

## ISSUE

Did the Court of Appeals err in holding that a sentence of confinement suspended to probation is automatically stayed pending appeal, without the necessity of filing an appeal bond?

## DISCUSSION

South Carolina Appellate Court Rule 230(a) states that
[t]he service of a notice of appeal by a criminal defendant shall operate as a stay of the execution of the sentence until

the appeal is finally disposed of; provided, however, a sentence of confinement shall not be stayed until the defendant has posted bail under S.C.Code Ann. §§ 18–1–80 and – 90 (1985) . . .

The issue then is whether Gibbs received a sentence of confinement within the meaning of Rule 230(a) SCACR. We hold that he did.

Gibbs received a sentence of eight years imprisonment for the fraudulent check conviction, and a sentence of six months imprisonment for the DUS conviction, each of which were suspended upon the fulfillment of certain conditions. Both of these sentences were sentences of "confinement" even though the committed portions were suspended by the trial court judge under S.C.Code Ann. § 24–21–410 (Supp.2001). Simply put, a sentence of confinement is no less so because it is suspended.[1]

The Court of Appeals held in *State v. Gibbs, supra,* that "[t]he sentences did not require Gibbs to be confined and, therefore, the filing of the notice of intent to appeal alone was sufficient to stay the sentences. Thus, we conclude that Gibbs's [sic] sentences were stayed pending appeal without the necessity of an appeal bond being filed." We disagree. The Court of Appeals erroneously focused on Gibbs' *status* at the time of the appeal as an "unconfined probationer" rather than the actual *sentence* that he received. Although Gibbs' confinement was suspended to probation, he was appealing "sentences of confinement." Rule 230(a), SCACR.[2]

Rule 230(a), SCACR is drawn from the S.C.Code Ann. §§ 18–1–70[3] and –80.[4] The statutes distinguish between a

---

1. "A rose is a rose is a rose is a rose . . ." Gertrude Stein, *Sacred Emily* in *Selected Writings of Gertrude Stein* (Vintage Books, 1990).

2. The sentencing sheet for Gibbs' DUS (second) charge states "[w]herefore, the Defendant is committed to the State Department of Corrections for a determinate term of six months . . ."

3. "In criminal cases service of notice of appeal in accordance with law shall operate as a stay of the execution of the sentence until the appeal is finally disposed of."

4. "Pending such appeal the defendant shall still remain in confinement until he give bail in such sum and with such sureties as to the court shall deem proper."

defendant who receives a fine and a defendant who receives a sentence of confinement. The statutes do not require a defendant who is sentenced to pay a fine to post a bond while his appeal is being decided, because that, in essence, would require that the defendant comply with his monetary sentence before his appeal is decided. However, a defendant who receives a prison term must post bond for a different reason:

> [t]he primary purpose of bail in a criminal case is to relieve the accused of imprisonment, and the state of the burden of keeping him, pending the trial (or pending appeal), and at the same time, to put the accused as much under the power of the court as if he were in the custody of the proper officer, and to secure the appearance of the accused so as to answer the call of the court and do what the law may require of him. E.H. Schopler, *Appealability of Order Relating to Forfeiture of Bail*, 78 A.L.R.2d 1180, 1181 (1961).

The practical effect is that an appeal bond relieves the State of the cost of supervising the probationer, perhaps unnecessarily, during the appeal process. At the same time the sentenced defendant remains "... as much under the power of the court as if he were in the custody of the proper officer...." The distinction in Rule 230(a), SCACR, drawn from the statutes, is between sentences that are fines and those that are confinement, not sentences that are suspended to probation and those that are not.

## CONCLUSION

We reverse the decision of the Court of Appeals. Gibbs was given two sentences of confinement, therefore, the circuit court erred in holding that Gibbs' probationary sentence should have been stayed pending appeal without Gibbs having to post an appeal bond. We remand the case to the circuit court for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.