615 S.E.2d 116

**In re ESTATE OF Charles H. CRETZMEYER, Jr.**

**Stacy Cretzmeyer, as Personal Representative of the Estate of Charles H. Cretzmeyer, Jr., Appellant,**

**v.**

**Anne C. Bloch, Regan Cretzmeyer, and Watts B. Stroman, Trustee, Respondents.**

**No. 26003.**

Supreme Court of South Carolina.

Heard April 7, 2005.

Decided June 20, 2005.

Richard M. Lovelace, Jr., of Conway, and Robert N. Hill, of Newberry, for Appellant.

Susan Taylor Wall and J.W. Nelson Chandler, both of Parker, Poe, Adams & Bernstein, of Charleston, and William S. Duncan, of Georgetown, for Respondents.

Acting Justice KITTREDGE:

This is an appeal from a circuit court order that dismissed Appellant's appeal from an order of the probate court. The circuit court held that Appellant failed to file her notice of appeal in the circuit court within ten days of receiving the probate court order, as required by South Carolina Code section 62–1–308(a) (Supp.2004). We affirm.

## FACTS

Appellant received the probate court order on December 19, 2002. According to Appellant, on December 20, she mailed original notices of appeal to the probate court and the circuit court and mailed copies to Respondents' attorneys.[1] Because there was no record that a notice of appeal had been filed in the circuit court within ten days of December 19,[2] the circuit court held that Appellant failed to timely file her notice of appeal under South Carolina Code section 62–1–308. The circuit court therefore dismissed the appeal.

The sole issue is whether the notice of appeal was timely filed in the circuit court.

---

1. The evidence of mailing is an affidavit of Appellant's attorney's secretary.

2. December 30, 2002, was the last day for filing. *See* Rules 6 and 74, SCRCP.

14

## ANALYSIS

South Carolina Code section 62–1–308 governs an appeal from a probate court order to the circuit court. The statute provides in pertinent part:

A person interested in a final order, sentence, or decree of a probate court and considering himself injured by it may appeal to the circuit court in the same county. *The notice of intention to appeal to the circuit court must be filed in the office of the circuit court* and in the office of the probate court and a copy served on all parties *within ten days after receipt of written notice of the appealed from order, sentence, or decree of the probate court.*

S.C.Code Ann. § 62–1–308(a) (Supp.2004) (emphasis added).

We decline Appellant's invitation to construe the statute in a manner inconsistent with its unambiguous terms. Our settled rules of statutory construction mandate the result we reach, for the statute is clear that the notice of appeal "must be filed" in the circuit court within the ten-day period. *See Gary v. State,* 347 S.C. 627, 629, 557 S.E.2d 662, 663 (2001) ("When a statute requires the filing of a paper or document, it is filed when delivered to and received by the proper officer."); *see also State v. Brown,* 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) (noting that failure to comply with the procedural requirements for an appeal divests the court of appellate jurisdiction).

## CONCLUSION

The circuit court properly dismissed Appellant's appeal from the order of the probate court. The judgment of the circuit court is

**AFFIRMED.**

MOORE, A.C.J., WALLER, BURNETT, JJ., and Acting Justice JAMES R. BARBER, III, concur.