659 S.E.2d 493

**Ernest E. RICHARDSON, Petitioner**

**v.**

**STATE of South Carolina, Respondent.**

**No. 26464.**

Supreme Court of South Carolina.

Submitted March 19, 2008.

Decided March 24, 2008.

Deputy Chief Appellate Defender Wanda H. Carter, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Daniel E. Grigg, all of the Office of the Attorney General, of Columbia, for Respondent.

PER CURIAM:

Counsel for petitioner has filed a petition for a writ of certiorari, pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), from the denial, after a hearing, of petitioner's application for post-conviction relief (PCR). Petitioner has filed a *pro se* response.

We grant the petition for a writ of certiorari on the issue of the PCR judge's refusal to relieve PCR counsel,[1] dispense with the requirements of a merits petition and brief, and affirm the denial of petitioner's PCR application. However, we take this opportunity to address the recurring problem of PCR applicants seeking repeatedly, and without sufficient cause, to have their appointed counsel relieved.[2] In the case at hand, although the exact number of these motions is unclear, at least nine motions to relieve PCR counsel or to be relieved as PCR counsel were made, and many of those motions were granted. Such tactics constitute an abuse of the judicial process, resulting in significant delays,[3] and should not be tolerated, much less acquiesced in, by judges presiding over PCR matters.

■ While there is no constitutional obligation to appoint counsel in a PCR matter, in South Carolina, if a PCR applica-

---

1. We deny certiorari on the remaining issues raised in the *Johnson* petition and *pro se* response.

2. In some cases, applicants file a motion to relieve counsel, while in other cases, such as the one at hand, PCR counsel files a motion to be relieved as counsel at the behest of the applicant. On most occasions, motions to be relieved as counsel, even if not made at the behest of the applicant, are based on the applicant's insistence on raising allegations that are without merit and/or improper for PCR, counsel's refusal to pursue such allegations, and the applicant's resulting dissatisfaction with counsel.

3. The PCR application in this matter was filed in 1998.

tion presents questions of law or fact requiring a hearing, and the applicant is indigent, state law provides that counsel must be appointed or a knowing, intelligent waiver of the right to counsel must be obtained. S.C.Code Ann. § 17–27–60 (2003); Rule 71.1(d), SCRCP; *Whitehead v. State*, 310 S.C. 532, 426 S.E.2d 315 (1992); *see also Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001)(Counsel should be appointed when the State moves for dismissal on the ground the application was not timely filed where the applicant raises an issue of material fact regarding the applicability of the one-year statute of limitation.). However, a PCR applicant is not entitled to appointed counsel of choice. While an applicant *may* have the right to reject or discharge court-appointed counsel and proceed *pro se* or retain his own counsel, he does not have the right, without a showing of satisfactory cause to refuse or dismiss the counsel appointed and have other counsel appointed. *State v. Jones*, 270 S.C. 587, 243 S.E.2d 461 (1978).

A mere disagreement between an applicant and his counsel as to how to proceed with the PCR application, including the allegations to be raised, is not sufficient cause, in itself, to require the PCR judge to replace or to offer to replace court appointed counsel with another attorney. *Id.* Many times, such as in the case at hand, an applicant does not understand the PCR process, including the fact that the allegations that can be raised are limited by law. Counsel should not be relieved, and the process delayed, because an applicant is dissatisfied with counsel's legitimate refusal to pursue allegations that are meritless and/or not proper in PCR. *Cf. State v. Graddick*, 345 S.C. 383, 548 S.E.2d 210 (2001)(trial judge did not err in denying defendant's motion to relieve counsel where defendant alleged counsel was not representing his interests, was not fully prepared for this case, and the defendant asserted he did not feel comfortable going to court with counsel as his lawyer); *State v. Hyman*, 276 S.C. 559, 281 S.E.2d 209 (1981), *overruled on other grounds, State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991)(trial judge did not abuse his discretion in denying defendant's motion to relieve counsel based on defendant's allegation that counsel was not up to date on the law).

Another common tactic in PCR matters is for the applicant to file a complaint against appointed counsel with the Office of Disciplinary Counsel. The complaint is then asserted as a basis for a motion to relieve counsel or a motion to be relieved as counsel. We caution the bench that the filing of a disciplinary complaint should not result in automatic removal of appointed counsel. If this were not the case, applicants could obtain substitute counsel by the simple expedient of filing an ethical complaint even if that complaint is without any factual or legal basis. Instead, the basis for the complaint should be explored and the PCR judge should exercise discretion in determining whether the basis for the complaint constitutes sufficient cause to relieve counsel.[4] Again, applicants must not be allowed to employ tactics such as these to manipulate the PCR process.

In the case at hand, the PCR judge properly denied the motion to be relieved as counsel, as the basis for the motion, as well as the previous motions to relieve counsel or be relieved as counsel filed in this case, was petitioner's dissatisfaction with PCR counsel because counsel would not pursue allegations, by way of subpoenas and discovery, which were clearly meritless and/or not proper for PCR. *State v. Jones, supra.* The PCR judge's order is therefore

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.

MOORE, J., not participating.

---

4.   Pursuant to Rule 12(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, neither the attorney nor the complainant are prohibited from disclosing the existence of an ethical complaint. However, if the attorney does not want the existence of the complaint revealed, or client confidences may be revealed in determining whether the underlying basis of the complaint establishes good cause to relieve counsel, the procedure set forth in Rule 12(d), RLDE, Rule 413, SCACR, may be followed.