THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Creighton W.
 Sloan, Respondent,
 
 
 
 
 

   v.

 
 
 
 
 Samuel H. Sloan, Appellant.
 
 
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-283
 Submitted June 1, 2011  Filed June 10,
2011

AFFIRMED

 
 
 
 Samuel H. Sloan, pro se, of Bronx, New
 York, for Appellant.
 Catherine H. Kennedy, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Samuel
 H. Sloan (Appellant) appeals the circuit court's order denying his motion to
 reconsider the June 25, 2007 order dismissing his appeal.  Appellant argues the
 circuit court erred in dismissing his appeal of the 2006 probate court order
 closing the estate because (1) his appeal was timely and (2) Creighton W. Sloan
 (Respondent) should have been barred from contesting the original probate case
 and appearing as the personal representative of their mother, Helen Sloan
 (Mother).  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to
 whether the circuit court erred in
 dismissing Appellant's appeal because it was untimely:  See S.C. Code
 Ann. § 62-1-308(a) (2009) (emphasis added) ("[A]ppeals from the probate
 court must be to the circuit court and are governed by the following rules: (a)
 A person interested in a final order, sentence, or decree of a probate court
 and considering himself injured by it may appeal to the circuit court in the
 same county. The notice of intention to appeal to the circuit court must be
 filed in the office of the circuit court and in the office of the probate
 court and a copy served on all parties within ten days after receipt of
 written notice of the appealed from order, sentence, or decree of the probate
 court."); In re Estate of Cretzmeyer, 365 S.C. 12, 13-14, 615
 S.E.2d 116, 116-17 (2005) (holding an appellant failed to timely file a notice
 of appeal under section 62-1-308(a) because the statute "was clear that
 the notice of appeal 'must be filed' in the circuit court within the ten-day
 period") (quoting S.C. Code Ann. § 62-1-308(a) (2009)); Id. at 14,
 615 S.E.2d at 116 ("We decline Appellant's invitation to construe the
 statute in a manner inconsistent with its unambiguous terms.").  
2. As to whether the
 circuit court erred in dismissing Appellant's appeal because Respondent should
 have been barred from contesting the original probate case and appearing as the
 personal representative of Mother's estate:  Whiteside v. Cherokee Cnty.
 Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (finding
 the appellate court need not address a remaining issue when the resolution of a
 prior issue is dispositive).
AFFIRMED.
FEW, C.J., PIEPER and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.