THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.  
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Charles Lenbyrd McCray, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Horry County
 Steven H. John, Circuit Court Judge

Memorandum Opinion No. 2012-MO-008
 Submitted April 3, 2012  Filed April 11,
2012

REVERSED

Appellate Defender Robert M. Pachak, of the South Carolina
 Commission on Indigent Defense, of Columbia, for Petitioner.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Christina Catoe, of the Office of the Attorney General, of
 Columbia, for Respondent.

PER CURIAM:  Petitioner seeks a writ of certiorari
 from the post-conviction relief (PCR) judge's order dismissing his PCR
 application as barred by the statute of limitations.  We grant the petition for
 a writ of certiorari, dispense with further briefing, reverse the order
 summarily dismissing petitioner's application, and remand for appointment of
 counsel and a hearing on the State's motion to dismiss. 
FACTS
Petitioner pled guilty to criminal sexual
 conduct with a minor in the second degree on May 15, 2009.  Petitioner
 notarized his PCR application on April 20, 2010, and the civil action cover
 sheets were dated April 18, 2010 and April 26, 2010.  Petitioner then mailed
 his application to the clerk of court, who received it in April 2010.  However,
 upon receipt, the clerk of court determined the application contained errors. 
 Accordingly, the clerk of court did not file the application, but mailed it back
 to petitioner to correct the errors.  Petitioner resubmitted his application on
 May 26, 2010, after the statute of limitations expired.  The State filed a
 return and motion to dismiss alleging the application was barred by the statute
 of limitations.
The PCR
 judge issued a conditional order of dismissal finding petitioner was convicted
 on May 15, 2009, and therefore had until May 15, 2010 to file a timely PCR
 application; however, petitioner's application was not filed until May 26,
 2010.  Petitioner filed objections to the conditional order of dismissal,
 arguing the original application was submitted within the statute of
 limitations.  Petitioner asserted he should be given the benefit of equitable
 tolling pursuant to Gary v. State, 347 S.C. 627, 557 S.E.2d 662 (2001),
 because his application was executed prior to May 15, 2010, but was returned by
 the clerk for minor corrections and then resubmitted.  
The PCR
 judge issued a final order of dismissal finding petitioner did not state a
 sufficient reason to overcome the summary dismissal of his PCR application. 
 The PCR judge explained Gary does not authorize equitable tolling in PCR
 cases.  He also noted Gary specifically states that mailing a PCR
 application does not constitute filing, and that a PCR application must
 actually be received by the clerk of court within one year of conviction.   
ISSUE

 Did the circuit court properly dismiss petitioner's PCR
 application as barred by the statute of limitations?

ANALYSIS
Petitioner
 argues the case should be remanded and he should be appointed counsel because
 he raised an issue of material fact concerning the applicability of the statute
 of limitations, and because he timely filed his PCR application.
The
 State concedes the clerk of court received the application in April 2010, but
 argues because it was not properly completed and the application was not
 actually filed until the statute of limitations had expired.  The State argues
 it was petitioner's responsibility to properly fill out the necessary paperwork
 to ensure his PCR application would be filed within the one-year period.
In Gary,
 the petitioner mailed the PCR application within the one-year limitation, but
 mailed the application to the wrong venue.  By the time the application was
 returned to him, the statute of limitations had expired.  This Court found that
 because mailing does not constitute filing, mailing a PCR application is not
 sufficient under S.C. Code Ann. Section 17-27-45(A) (2003).  However, the petitioner
 also argued he should be afforded equitable tolling of the statute of
 limitations because he filed the application in the wrong venue.  Although this
 Court found the equitable tolling issue was not preserved for review, we found
 the hearing afforded the petitioner on the issue of equitable tolling was
 inadequate.  Accordingly, this Court held that when the State moves for
 dismissal under section 17-27-45(A) and the PCR applicant raises an issue of
 material fact regarding the applicability of the one-year limitation, counsel
 should be appointed under Rule 71.1(d), SCRCP.  The case was remanded for
 appointment of counsel.
 In the
 present case, the appendix clearly reflects, and the State concedes, the clerk
 received petitioner's PCR application in April 2010, but it was returned to
 petitioner for minor corrections.  Petitioner raised an issue of material fact
 regarding the applicability of the one-year limitation.  Accordingly, pursuant
 to Gary, petitioner should have been appointed counsel and a hearing
 should have been held on the State's motion to dismiss.
CONCLUSION
We find petitioner raised an issue of
 material fact regarding the applicability of the one-year statute of
 limitation, and pursuant to Gary should have been appointed counsel and
 a hearing should have been held on the State's motion to dismiss.  Accordingly,
 we reverse the order summarily dismissing petitioner's application, and remand
 for appointment of counsel and a hearing.
REVERSED
 AND REMANDED.
TOAL,
 C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.