**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Estate of Willie Rogers Deas
Carolyn Deas, Respondent,

v.

Marvadine Giles a/k/a Marvdine Giles, Willie Deas, Jr., Michelle Deas, Rodney Branton, Moya Branton, Whitney Beaufort,

Of whom Marvadine Giles a/k/a Marvdine Giles is the Appellant.

Appellate Case No. 2013-000550

─────────────

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

─────────────

Opinion No. 2015-UP-059
Heard October 8, 2014 – Filed February 4, 2015

─────────────

**REVERSED**

─────────────

Charles S. Goldberg, of Charles S. Goldberg, LLC, of Charleston; James K. Holmes and Malcolm M. Crosland, Jr., both of the Steinberg Law Firm, LLP, of Charleston, for Appellants.

Gregory Lynn Hyland, Andrew T. Shepherd, and
Katherine H. Hyland, of Hart Hyland Shepherd, LLC, of
Summerville, for Respondent.

---

**PER CURIAM:** Marvadine Giles (Appellant) appeals the circuit court's order granting Carolyn Deas's (Respondent) motion to dismiss. Appellant contends the circuit court improperly concluded her notice of appeal was not timely filed when she submitted satisfactory proof that her notice was delivered by the United States Postal Service to the clerk of court's Post Office Box prior to the filing deadline. We agree and reverse.

## FACTS/PROCEDURAL HISTORY

On August 28, 2012, the probate court issued an order finding Respondent was the surviving spouse of Willie Rogers Deas (Decedent) and had priority for appointment as the personal representative of his estate.[1] Appellant received written notice of the court's order on August 29, 2012, thereby making September 10, 2012,[2] the deadline for filing and serving her notice of appeal. As set forth in section 62-1-308 of the South Carolina Code (Supp. 2012),[3] Appellant mailed a

---

[1] Appellant claimed she was Decedent's surviving spouse, as opposed to Respondent, because she was separated, but not divorced, from Decedent at the time of his subsequent marriage to Respondent. The probate court disagreed, finding Appellant and Decedent were divorced and both Appellant and Decedent were remarried at the time of his death.

[2] Pursuant to section 62-1-308 of the South Carolina Code (Supp. 2012), the notice of appeal must be filed within ten days after receipt of the written notice of the appealed order. *See infra* n.3. Because the tenth day, September 8, 2012, was a Saturday, Appellant was permitted to file her notice on Monday, September 10, 2012. *See* Rule 6(a), SCRCP ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a State or Federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday.").

[3] Section 62-1-308 states "[t]he notice of intention to appeal to the circuit court must be filed in the office of the circuit court and in the office of the probate court

letter via registered mail, return receipt requested, containing her notice of appeal to the clerk of the circuit court, the clerk of the probate court, and opposing counsel on September 6, 2012.  Appellant also filed a Rule 59(e), SCRCP, motion to reconsider with the probate court on September 7, 2012.  The probate court received and filed Appellant's notice of appeal on September 7, 2012.  Opposing counsel received Appellant's notice of appeal on September 10, 2012.

Appellant presented evidence that she sent her notice of appeal via registered mail, return receipt requested, to the address listed by the Georgetown County clerk of court's office in the South Carolina Bar Directory.  However, the Postal Service initially misdelivered the notice to the clerk of court's office in Walterboro, South Carolina, on September 7, 2012.  The Postal Service then forwarded Appellant's notice of appeal to the Post Office Box for the Georgetown clerk of court on September 10, 2012, the deadline to file Appellant's notice of appeal.  However, the clerk of court's office did not stamp Appellant's notice of appeal as filed until September 14, 2012.

Respondent moved to dismiss Appellant's appeal, arguing Appellant failed to file her notice of appeal in a timely manner, which deprived the circuit court of appellate jurisdiction.  At the hearing on Respondent's motion to dismiss, Appellant submitted proof that the Post Office in Georgetown received her notice of appeal the morning of September 10, 2012.  The Georgetown clerk of court opined the notice of appeal may have been placed in Georgetown County's general Post Office Box instead of the clerk's Post Office Box and, therefore, was not picked up by the clerk's courier on the afternoon of September 10, 2012.  The clerk of court also testified that, because the notice of appeal was not received in the clerk's office until September 11, 2012, it was not filed by the clerk's office until September 14, 2012, four days after the deadline.  After the hearing, the circuit court issued an order dismissing Appellant's appeal based on her failure to timely file her notice of appeal.  This appeal followed.

## LAW/ANALYSIS

Appellant contends the circuit court erred in concluding the Postal Service's delivery of her notice of appeal to the Georgetown clerk of court's Post Office Box did not satisfy the requirements of section 62-1-308.  In response, Respondent

---

and a copy served on all parties within ten days after receipt of written notice of the appealed from order, sentence, or decree of the probate court."

argues the plain language of section 62-1-308 requires the notice of appeal to be filed in the clerk's office, not merely placed in the clerk's Post Office Box.[4]

Section 62-1-308 controls the appeal of a probate court order to the circuit court. The statute in effect[5] when Appellant filed her notice of appeal provides in pertinent part:

[4] As an additional sustaining ground, Respondent claims Appellant simultaneously filed a Rule 59(e) motion as well as a notice of appeal; therefore, it was incumbent upon Appellant to refile her notice of appeal once the probate court ruled upon her Rule 59(e) motion.  Because Appellant failed to do so, Respondent claims dismissal of Appellant's appeal was warranted.  We first note that this court has the discretion whether to rule on an additional sustaining ground raised by the prevailing party on appeal.  *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds."); *id.* ("An appellate court may not rely on Rule 220(c), SCACR, . . . when the court believes it would be unwise or unjust to do so in a particular case.").  Aware of our discretion, we nevertheless decline to address this additional sustaining ground.  *See I'On*, 338 S.C. at 420 n.9, 526 S.E.2d at 723 n.9 (stating an appellate court may or may not wish to address additional sustaining grounds when it reverses a lower court's decision (citing *Smith v. Haynsworth, Marion, McKay & Geurard*, 322 S.C. 433, 438, 472 S.E.2d 612, 615 (1996))).

[5] The General Assembly amended section 62-1-308 in June 2013, and this amendment went into effect on January 1, 2014.  *See* 2013 S.C. Acts 100 § 1.  The current version of section 62-1-308(a) of the South Carolina Code (Supp. 2014) reads as follows:

> A person interested in a final order, sentence, or decree
> of a probate court may appeal to the circuit court in the
> same county, subject to the provisions of [s]ection 62-1-
> 303.  The notice of intention to appeal to the circuit court
> must be filed in the office of the circuit court and in the
> office of the probate court and a copy served on all
> parties not in default within ten days after receipt of
> written notice of the appealed from order, sentence, or
> decree of the probate court.

> A person interested in a final order, sentence, or decree of a probate court and considering himself injured by it may appeal to the circuit court in the same county. The notice of intention to appeal to the circuit court must be filed in the office of the circuit court and in the office of the probate court and a copy served on all parties within ten days after receipt of written notice of the appealed from order, sentence, or decree of the probate court. The grounds of appeal must be filed in the office of the probate court and a copy served on all parties within forty-five days after receipt of written notice of the order, sentence, or decree of the probate court.

S.C. Code Ann. § 62-1-308(a) (Supp. 2012).

We disagree with the circuit court and hold Appellant sufficiently demonstrated that she timely filed her notice of appeal. On September 5, 2012, Appellant mailed her notice of appeal to the Georgetown clerk of court's office using the street address listed by the clerk of court in the South Carolina Bar Directory. Through no fault of Appellant's, the Postal Service initially misdelivered the notice of appeal to the clerk of court's office in Walterboro, South Carolina, on September 7, 2012. When the notice of appeal was eventually delivered to the Post Office in Georgetown on September, 10, 2012, the Georgetown clerk of court opined the Postal Service placed the notice of appeal in the general Post Office Box for Georgetown County, as opposed to the specific Post Office Box for the Georgetown clerk of court.

Further, because Appellant sent her notice of appeal by certified mail and requested a return receipt, she possessed proof that the notice of appeal arrived at the Post Office in Georgetown at 9:45 a.m. on September 10, 2012, the date the notice of appeal was due. Although the clerk of court testified the court's courier comes twice a day to pick up mail from the clerk's Post Office Box, the notice of appeal was not physically taken to the clerk's office until the following day, September 11, 2012. Whether the Postal Service mistakenly delivered it to the wrong Post Office Box or the clerk of court's courier did not timely retrieve the mail from the clerk of court's Post Office Box, Appellant established that no authorized recipient was available to sign for the mailing on the date it arrived.

We are aware that our courts have strictly interpreted section 62-1-308 regarding the timely filing of a notice of appeal. *See In re Estate of Cretzmeyer*, 365 S.C. 12,

14, 615 S.E.2d 116, 116-17 (2005) (dismissing an appeal from the probate court to the circuit court and holding "[o]ur settled rules of statutory construction mandate [dismissal], for the statute is clear that the notice of appeal must be filed in the circuit court within the ten-day period" (internal quotation marks omitted)); *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) (noting that failure to comply with the procedural requirements for an appeal divests the court of appellate jurisdiction); *First Carolina Nat'l Bank v. A & S Enters., Inc.*, 272 S.C. 339, 340, 251 S.E.2d 762, 762 (1979) (dismissing appeal for lack of jurisdiction when appellants failed to give notice of their intention to appeal within the statutory ten-day period). We are also aware that mailing does not constitute filing in South Carolina. *See Gary v. State*, 347 S.C. 627, 629, 557 S.E.2d 662, 663 (2001) ("It is clear under South Carolina law that mailing does not constitute filing.").

However, we find these cases distinguishable because Appellant clearly and convincingly demonstrated that she promptly mailed and carefully ensured the timely delivery of her notice of appeal. *Cf. In re Cretzmeyer*, 365 S.C. at 13, 615 S.E.2d at 116 (finding no record existed that a notice of appeal had been filed in the circuit court outside of an affidavit of the appellant's attorney's secretary); *Brown*, 358 S.C. at 387, 596 S.E.2d at 41 (finding the court of appeals erred in considering affidavits, which were not included in the record on appeal, to determine the appellant timely filed his notice of appeal); *First Carolina Nat'l Bank*, 272 S.C. at 340, 251 S.E.2d at 762 (finding dismissal warranted when there was clear proof that appellants missed the deadline to serve the notice of appeal); *Gary*, 347 S.C. at 629, 557 S.E.2d at 663 (finding application for post-conviction relief was not timely filed when petitioner introduced no evidence to support his claim, instead stating he mistakenly sent his application to "the wrong place" and "by the time it came back, it was too late").

Although we recognize mailing does not constitute filing, we find that when a notice of appeal is undisputedly and timely delivered to and received in the Post Office Box specifically designated by the clerk of court's office for receipt of time-sensitive mail, an aggrieved party's appeal should not be dismissed for failure to timely file the notice of appeal. Allowing Appellant's claim to be dismissed under these circumstances elevates form over substance, and we decline to construe the filing requirement of section 62-1-308 in such a manner. *See Liberty Mutual Ins. Co. v. S.C. Second Injury Fund*, 318 S.C. 516, 518, 458 S.E.2d 550, 551 (1995) ("The real purpose of the [General Assembly] will prevail over the literal import of the words."); *see generally S.C. Second Injury Fund v. Am. Yard Prods.*, 330 S.C. 20, 23-24, 496 S.E.2d 862, 863-64 (1998) (finding denial of reimbursement to employer in workers' compensation claim inappropriate when the Fund and

Commission had actual, timely notice of employer's claim and the Fund failed to prove it was prejudiced by employer's failure to satisfy the precise requirements of the statute regarding notice). Accordingly, under the specific facts of this case, we find the circuit court erred in dismissing Appellant's appeal.

**CONCLUSION**

For the foregoing reasons, the decision of the circuit court is

**REVERSED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**