**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Matter of the Estate of Willie Rogers Deas.

Carolyn Deas, Petitioner,

v.

Marvadine Giles a/k/a Marvdine Giles, Willie Deas, Jr., Michelle Deas, Rodney Branton, Moya Branton, and Whitney Beaufort, Defendants,

Of whom Marvadine Giles a/k/a Marvdine Giles is the Respondent.

Appellate Case No. 2015-000979
Lower Court Case No. 2012-CP-22-00971

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal From Georgetown County
The Honorable Benjamin H. Culbertson, Circuit Court
Judge

———————

Memorandum Opinion No. 2015-MO-049
Submitted August 10, 2015 – Filed August 26, 2015

———————

**REVERSED**

———————

Gregory Lynn Hyland, Andrew T. Shepherd, and
Katherine H. Hyland, all of Hart Hyland Shepherd, LLC,
of Summerville, for Petitioner.

Charles S. Goldberg, of Charles S. Goldberg LLC, of
Charleston, and James K. Holmes and Malcolm M.
Crosland, Jr., both of The Steinberg Law Firm, LLP, of
Charleston, for Respondent.

---

**PER CURIAM:**  This matter is before the Court by way of a petition for a writ of certiorari seeking review of the Court of Appeals' decision in *In the Matter of the Estate of Willie Rogers Deas*, Op. No. 2015-UP-059 (S.C. Ct. App. filed Feb. 4, 2015).  We deny the petition for a writ of certiorari as to petitioner's Question 2, grant the petition as to petitioner's Question 1, dispense with further briefing, and reverse the decision of the Court of Appeals.

Petitioner argues the Court of Appeals erred in reversing the circuit court's order dismissing respondent's appeal as untimely filed.  We agree.

The probate court found petitioner was the surviving spouse of Willie Rogers Deas and had priority for appointment as personal representative of his estate. Respondent received written notice of the court's order on August 29, 2012.  The deadline to file and serve a notice of appeal was September 10, 2012.[1]

Respondent mailed the notice of appeal via registered mail, return receipt requested, to petitioner, the circuit court, and the probate court on September 6, 2012.  The probate court received the notice of appeal on September 7, 2012 and petitioner received it on September 10, 2012.  However, the notice of appeal was not filed with the circuit court until September 14, 2012.

---

[1]  S.C. Code Ann. § 62-1-308(a) (2009) was amended in June 2013, after respondent filed the notice of appeal.  The statute in effect at the time respondent filed the notice required service to all parties and dual filing in the offices of the probate court and circuit court within ten days of receipt of written notice of the order of the probate court.  In this case, the tenth day was a Saturday; therefore, appellant was permitted to file the following Monday, September 10th. *See* Rule 6(a), SCRCP (in the event the last day of a filing period falls on a Saturday, Sunday, or state or federal holiday, the party is permitted to file on the next day which is neither a Saturday, Sunday, or holiday).

Petitioner moved to dismiss respondent's appeal, arguing respondent failed to timely file the notice of appeal. During the hearing on petitioner's motion, respondent provided evidence she mailed the notice of appeal to the street address for the Georgetown County Clerk of Court's Office listed in the South Carolina Bar Directory. Respondent stated the postal service mistakenly delivered it to the clerk of court's office in Walterboro on September 7, 2012. The postal service forwarded the notice of appeal and respondent submitted proof the post office in Georgetown received it on September 10, 2012. A courier for the clerk of court retrieved the notice from the clerk's post office box on September 11, 2012 and it was stamped received on September 14, 2012.

Tracking information provided by respondent showed the postal service attempted delivery of the notice of appeal to the clerk of court's post office box on September 10, 2012. However, an authorized recipient was not available to sign for it, as required by the type of mailing selected by respondent. The clerk of court further explained the notice of appeal may have initially been put in Georgetown County's general post office box instead of the clerk's box when it first arrived at the post office.

The circuit court dismissed respondent's appeal, finding she failed to timely file the notice of appeal despite proof she timely mailed it and evidence that intervening factors caused the delay.

The Court of Appeals reversed, finding respondent clearly and convincingly proved she promptly mailed the notice of appeal and, through no fault of her own, the filing was delayed. The Court of Appeals found respondent's appeal should not be dismissed for failure to timely file the notice of appeal when she provided proof the notice was timely delivered to and received in the post office box designated by the clerk of court for time-sensitive documents.

We find the Court of Appeals erred in reversing the dismissal of respondent's appeal. This Court has strictly construed the language of § 62-1-308(a) and directly addressed this issue, holding the notice of appeal from a probate court order *must be filed* in the circuit court within ten days. *See In re Estate of Cretzmeyer*, 365 S.C. 12, 615 S.E.2d 116 (2005) (holding § 62-1-308(a) must be read for its clear and unambiguous terms and evidence of mailing does not constitute filing); *see also Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001) (holding when a statute requires the filing of a document, it is considered filed

when delivered to and received by the proper officer); *Great Games, Inc. v. South Carolina Dep't of Revenue*, 339 S.C. 79, 529 S.E.2d 6 (2000) (holding the failure of a party to comply with the procedural requirements for perfecting an appeal divests the circuit court of appellate jurisdiction).

Based on this Court's precedent, we find respondent failed to timely file the notice of appeal with the circuit court, which deprived the court of appellate jurisdiction. We therefore reverse the Court of Appeals' opinion reversing the dismissal of respondent's appeal.

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**