**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lenora Whitfield Tucci, Appellant,

v.

April Tucci and Robert D. Ganyard, personal
representatives of the Estate of Francis Paul Tucci, Jr.,
Respondents.

Appellate Case No. 2014-002726

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2016-UP-526
Heard October 13, 2016 – Filed December 21, 2016

**AFFIRMED**

Kenneth Philip Shabel, of Campbell & Shabel, LLC, of
Spartanburg, for Appellant.

James W. Shaw, Heather Gwinn Hunter, and Stanley
Michael Pack, Jr., all of Dennis, Shaw, Drennan & Pack,
LLC, of Spartanburg, for Respondents.

**PER CURIAM:**  Lenora Whitfield Tucci appeals the circuit court's order
dismissing her appeal from the probate court because she failed to comply with the

appellate procedure set forth in section 62-1-308 of the South Carolina Code (Supp. 2015). Tucci argues (1) the circuit court erred in dismissing her appeal because Respondents were not prejudiced by her failure to comply with the statute, and (2) the probate court erred in dismissing her elective share petition as untimely because the time to file such a petition should have been tolled pending the resolution of a family court action. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: Rule 74, SCRCP ("Except for the time for filing the notice of appeal, the procedure on appeal to the circuit court from the judgment of an inferior court or decision of an administrative agency or tribunal shall be in accordance with the statutes providing such appeals."); S.C. Code Ann. § 62-1-308(b) (Supp. 2015) ("Within forty-five days after receipt of written notice of the order, sentence, or decree of the probate court, the appellant must file with the clerk of the circuit court a Statement of Issues on Appeal (in a format described in Rule 208(b)(1)(B), SCACR) with proof of service and a copy served on all parties."); *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) ("[T]he failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction . . . ."); *In re Estate of Cretzmeyer*, 365 S.C. 12, 13-14, 615 S.E.2d 116, 116-17 (2005) (affirming the circuit court's dismissal of an appeal from the probate court because the appellant failed to comply with the procedural requirements of section 62-1-308); *id.* at 14, 615 S.E.2d at 116-17 (declining to construe section 62-1-308 in a manner inconsistent with its unambiguous terms because the settled rules of statutory construction mandate the result to be reached).

2. As to Issue 2: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address any remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**