**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Supreme Court

Jerod Keykendall Harris, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-002693

---

**ON WRIT OF CERTIORARI**

---

Appeal from Spartanburg County
R. Keith Kelly, Post-Conviction Relief Judge

---

Memorandum Opinion No. 2018-MO-011
Submitted September 15, 2017 – Filed February 28, 2018

---

**REVERSED**

---

Appellate Defender Laura Ruth Baer, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Valerie Garcia Giovanoli, both of Columbia, for Respondent.

---

**PER CURIAM:** In this post-conviction relief (PCR) action, Jerod Keykendall Harris contends the PCR court erred by allowing him to represent himself at his PCR

trial without first obtaining a valid waiver of his right to counsel. We agree and reverse.

Harris appeared in PCR court and requested that his court-appointed attorney be relieved, stating, "I wanted to go ahead and get me a paid attorney." When the court asked when Harris planned to hire an attorney, Harris responded that "it should be soon." After assuring Harris he would not receive another appointed attorney, the court granted his request and continued the hearing to allow him time. The court stated, "You'll either have to hire [an attorney] or you will be representing yourself."

Seven months later Harris again appeared in PCR court, this time before a different judge. The PCR court asked Harris:

Court: Okay. You're going to represent yourself in this matter?

Harris: Yes, sir. I'm going to have to, sir.

Court: Okay.

Harris: I was told I had to.

Court: All right.

The State then explained the events that occurred at the prior PCR hearing:

Your Honor, just to clarify. He had an attorney that had been appointed in our last term. He asked for that attorney to be relieved. And [the judge] informed him that, if he wanted to relieve his appointed attorney, he would not be allowed to have another appointed attorney, but he could retain an attorney and proceed pro se.

The PCR court immediately asked Harris about his claims and proceeded with the trial, without any attempt to seek a waiver from Harris of his right to counsel.

In *Whitehead v. State*, 310 S.C. 532, 426 S.E.2d 315 (1992), we held that "when a PCR application is not dismissed *before* a hearing is held, the PCR judge must appoint counsel or obtain a knowing and intelligent waiver of that right by the

applicant." 310 S.C. at 535, 426 S.E.2d at 316; *see also Richardson v. State*, 377 S.C. 103, 105-06, 659 S.E.2d 493, 494-95 (2008) (discussing the two requirements for a valid waiver of counsel in a PCR proceeding). Under *Richardson* and *Whitehead*, the PCR court clearly erred by failing to seek from Harris a valid waiver of his right to counsel. See *Hilton v. State*, Op. No. 27772 (S.C. Sup. Ct. filed Feb. 28, 2018) (Shearouse Adv. Sh. No. 9 at 94) (holding "the PCR court clearly erred by failing to ensure Hilton understood the dangers and disadvantages of self-representation before granting the motion to relieve his appointed attorney" (citing *Whitehead*, 310 S.C. at 535, 426 S.E.2d at 316-17)). We remand for the appointment of counsel and a new PCR trial.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**